## GREEN *vs.* CLARK and others.

Where, after a verdict for the plaintiff, a new trial was granted by this court, and the decision was affirmed by the court of appeals, that court deciding, upon the merits, that the plaintiff was not entitled to recover; *Held*, that the judgment of the appellate court was conclusive in the particular case, and was the law of such case. And that the supreme court, upon the cause again coming before it, after the second trial, had no power to give a judgment for the plaintiff, unless the case had been substantially varied by some new evidence given upon the second trial.

A judgment of affirmance, in an appellate court, should, in the absence of evidence of dissent, be held an affirmance not only of the judgment but of the precise proposition decided by the court below.

Where an action is rightly brought by the owners of goods, against carriers, for negligence, the judgment in that action will be a bar to a suit subsequently brought against the carriers, by a person having a special property in the goods. PRATT, J. dissented.

When the consignee is the general owner of the goods, or when, by the delivery of the goods to the carrier, the property vests in the consignee, it is an inference of law, and not a presumption of fact, that the contract for the safe carriage, is between the carrier and consignee, and consequently the latter has the legal right of action; and this notwithstanding the freight is to be paid by the consignor and not by the consignee. *Per* W. F. ALLEN, J.

Green *v.* Clark.

By a written contract between the plaintiff and W. and C. the plaintiff agreed to receive from the latter at Oswego, certain quantities of salt, and deliver the same at the several ports on the upper lakes, including 1000 barrels at Lower Sandusky, free of storage at Oswego, and to risk the same against the dangers of the navigation or otherwise, at a specified price per barrel, to be paid by W. and C. The plaintiff, in execution of this contract, employed the defendants to transport 625 barrels of salt from Oswego, and deliver the same to R., W. and C. at Lower Sandusky, for a specified freight to be paid by the plaintiff on the return of the consignees' receipt. In an action by the plaintiff against the carriers, for negligence in not delivering the salt, it appeared that a former suit had been brought by the consignees, against one of the carriers, for the same salt, and a verdict found for the defendant. *Held*, that the plaintiff was but the bailee of the general owners, who retained their property in the salt; that the owners might maintain an action against the carriers; and that they having brought an action, the right of the plaintiff to sue was gone. PRATT, J. dissented.

THIS case will be found reported in 5 *Denio*, 497. The judgment of the court, there reported, was affirmed by the court of appeals, and the action was tried a second time at the Jefferson circuit, without a jury. The evidence upon the last trial was in part the same as before. The defendants did not, upon the last trial, examine Westcott, the master, as a witness, and there was no attempt to prove that the plaintiff consented that the salt might be delivered at Sandusky city instead of Lower Sandusky, the place named in the bill of lading. The plaintiff gave in evidence a written agreement, dated June 20, 1836, between himself and two of the firm of Richmond, Williams & Crane, and proved that they were acting for the benefit, and in behalf of the firm; by which the plaintiff, among other things, agreed to deliver the salt in question at Lower Sandusky at two shillings and nine pence per barrel, and receive pay in the notes of Williams & Crane (the contracting parties) at 90 days, and to deliver the same, free of storage at Oswego, and to risk the same against the dangers of lake navigation. The judge at the circuit, rendered a judgment in favor of the plaintiff for $2,531,32, being the value of the salt at Lower Sandusky, at the time it should have been delivered, deducting the freight and adding the interest. From this judgment the defendant appealed.

Green *v.* Clark.

*Geo. F. Comstock*, for the plaintiff.

*Jno. Clarke*, for the defendant.

W. F. ALLEN, J. This cause has been once before tried, and a verdict rendered in favor of the plaintiff. A new trial was granted by the supreme court, and the decision of that court affirmed by the court of appeals. It has therefore been decided, upon the case made on the former trial, by the court of last resort, that the plaintiff was not entitled to recover. This decision was upon the merits. Unless therefore the case has been made to vary by some new evidence, giving to it a new feature, we should not in my judgment be authorized, in the face of the decision of the supreme court and court of appeals, to give a judgment for the plaintiff, although we might be unable to determine that the members of the latter court had agreed upon any one ground for the judgment given in the case. The decision must be conclusive in the particular case in which it is pronounced. It is the law of the case. Upon this ground I am of the opinion that the judgment should be reversed and a new trial granted, unless the special contract, between the plaintiff and Williams & Crane, in behalf of the owners of the salt, which was given in evidence upon the last trial, has introduced an entire new element into the action, and established a different case on the part of the plaintiff. I am of the opinion, however, although I do not deem it important to determine the question, that two points have been decided by the supreme court and by the court of appeals, viz.: 1. That Richmond, Williams & Crane were proper parties, and could, as general owners, maintain an action against the defendants upon their liability as common carriers to deliver the salt at Lower Sandusky; and 2. That the judgment in the action brought by them was conclusive upon the plaintiff in this action, and that the effect of the judgment could not be limited by parol evidence of the grounds upon which the verdict was pronounced. In the supreme court all the judges concur as to the first proposition, and Chief Justice Beardsley and Judge McKissock agreed upon the last proposition; Judge

Whittlesey dissenting, and holding that the parol evidence was proper in explanation and limitation of the judgment. The decision of the court was in accordance with the proposition before stated, and that the judgment was a conclusive bar to the action of the plaintiff. The learned reporter understood the decision as I do, as appears by the head note to the case, 5 Denio, 497. This judgment was affirmed by the court of appeals, with but one dissenting voice as I understand, and I have no information that either of the judges of that court who favored the affirmance, dissented from the positions of the supreme court. Some of the judges gave opinions in favor of affirmance upon other grounds, but not inconsistent with the points decided by the court below : and some voted for affirmance without assigning reasons. The judgment of affirmance should, in the absence of evidence of dissent, be held an affirmance not only of the judgment but of the precise proposition decided by the court below. The opinions of Judges Hoyt and Cady are before me. Judge Hoyt concurs expressly on the grounds decided by the supreme court. Judge Cady agrees that the contract is not binding upon the defendants, for want of authority in the master of the vessel, and that if the contract was valid the owners of the salt, and not the plaintiff, were the proper parties to bring an action against the ship owners. It is said that Judge Shankland concurred with Judge Cady upon the last point, and that the grounds upon which the other judges who were for affirmance proceeded are not known. Judge Strong alone voted for a reversal, as it is said. The two judges who were for affirmance, but gave no reasons for their judgment, may very well be considered as acquiescing in the judgment of the supreme court for the reasons stated by that court. We have then five of the judges deciding that the owners of the merchandise were proper parties to an action against the carriers for its value ; and two of them going further and holding that the plaintiff could not maintain the action ; and their views upon this point rendered it unnecessary for them to pass upon the effect of the judgment, as a bar. They do not dissent from the conclusions of the supreme court or their associates, upon that question, and the

other three, as I have shown, affirm the doctrines advanced by the supreme court. The decision of the supreme court, affirmed as it has been by the court of appeals, must be the law of this case. Had the case come back from the supreme court without the judgment of the court of appeals, the judgment of the former court, as given by Judges Beardsley and McKissock, would have been the law of the case; and an affirmance of that judgment has not destroyed its effect. The case has only been varied by the introduction of the written contract between the plaintiff and the owners of the salt. Does that affect the rights of the parties, and take the case out of the decision of the courts that have before passed upon it? Unless the rights of the parties are so changed by that instrument that Richmond, Williams & Crane could not have maintained an action against the carriers, the former decision must still control the case. It is not enough that the plaintiff has established a right in himself to maintain the action, to overcome the bar created by the former judgment in the action at the suit of the owners. · If that suit was rightly brought by the owners, the judgment is a bar to this, within the decisions of the supreme court and court of appeals, in this case, and as well settled by authority. (*Smith* v. *James*, 7 *Cowen*, 328. *Boynton* v. *Willard*, 10 *Pick.* 166. *Raymond* v. *Howland*, 12 *Wend.* 178.) By the agreement referred to, the plaintiff had agreed to receive of Williams & Crane, at Oswego, certain quantities of salt during the season of 1836, and deliver the same in different quantities at the several ports on the upper lakes, including one thousand barrels at Lower Sandusky, free of storage at Oswego, and to risk the same against the dangers of the navigation or otherwise, at two shillings and nine pence per barrel, to be paid by the promissory note of the parties at ninety days. The plaintiff was but the bailee of the general owners, who retained their property in the salt. The agreement of the defendants, as carriers, was to deliver the salt to the general owners and not to the plaintiff. It is true the plaintiff had an interest in the contract with the carriers, inasmuch as he was responsible to the owners for the delivery of the property, but he had no interest in the property, and the contract

with the master of the vessel was for the benefit of the owners. The same fact appeared, substantially, upon the former trial, by the evidence of Mr. Clark, and the testimony given by the present·plaintiff on the former trial, that he was under contract to transport this salt for the plaintiff to Lower Sandusky. The opinion of the plaintiff, subsequently given, as to his legal liabilities arising from the contract, did not affect the facts testified to by him. When the consignee is the general owner of the goods, or when by the delivery of the goods to the carrier, the property vests in the consignee, it is an inference of law and not a presumption of fact, that the contract for the safe carriage is between the carrier and consignee, and consequently the latter has the legal right of action. (1 *Chit. Pl.* 6. *Chit. on Cont.* 484.) This is true notwithstanding the freight, as in this case, is to be paid by the consignor and not by the consignee. (*Davis* v. *Peck*, 8 *Term Rep.* 330.) The contract upon which the liability of the defendants is based, is that created by the bill of lading, and reference must be had to that to determine with whom and for whose benefit it was made. And by its terms it is very clearly with Richmond, Williams & Crane, the owners of the property, to whom it was to be delivered. Upon proof that they were trustees or factors for others, their principals could probably maintain an action against the carriers. Without such proof the consignees are the proper parties. (*Evans* v. *Marlett*, 1 *Ld. Raym.* 271. *Sargent* v. *Morris*, 3 *B. & Ald.* 277.) In *Davis* v. *James*, (5 *Burr.* 2680,) the agreement was to deliver the goods to one Elizabeth Bowman *for the plaintiff*, and it was held that the plaintiffs properly brought the action upon the agreement. *Freeman* v. *Buck*, (1 *Nev. & Man.* 420,) decides that a bailee may sue a carrier for negligence, and would be an authority in favor of the right of the plaintiff in this action, but for the prior action in favor of the general property owner. (*See Potter* v. *Lansing*, 1 *John.* 215 ; *Abbott on Ship.* 216, ed. of 1829, *by Story.*)

If it be conceded, therefore, that upon the contract made by the plaintiff with the carrier, for the delivery of the salt to the owners at Lower Sandusky, the former could have maintained

an action, it is clear, upon the authorities, that the general owners were not precluded from maintaining the action, either by the relations subsisting between them and the plaintiff, or the form of the contract with the carrier ; and that the owners having brought the action, the right of the plaintiff to sue is gone.

The judgment must be reversed, and a new trial granted; costs to abide the event.

HUBBARD, J. concurred.

PRATT, J. dissented.

Judgment reversed.

[OSWEGO GENERAL TERM, April 5, 1852. *W. F. Allen, Hubbard* and *Pratt,* Justices.]