## ROBERT POLLOCK
### *v.*
## MATTHEW McCLURKEN.

1. NEW TRIAL — *verdict against the evidence.* Where the question has been fairly presented to a jury, whether a contract is joint or several, the finding will not be disturbed unless it is manifestly against the weight of evidence.

2. ASSUMPSIT — *where it lies.* Where a party agreed, that, if another person would negotiate for himself and others the purchase of a woollen mill, on specified terms, for which services he was to surrender a note of the agent which he then held, and the purchase was so made, and the holder assigned the note before its maturity, the agent may maintain an action of assumpsit on the breach of contract, after being sued and a judgment rendered against him on the note, although he may not have paid the judgment until after he has brought suit.

3. WITNESS — *not interested.* Where several persons, in contemplation of entering into a partnership, employ an agent to negotiate the purchase of property, and they afterward form a partnership, and the agent sues one of them for the amount of a note he was to have surrendered to him as compensation for his services, another partner is a competent witness to prove the agreement.

4. ACTION — *before a justice of the peace.* Where a plaintiff sues before a justice of the peace, he need not name his action, or even if he mistakes the name, it will not affect his right to recover. In such a case, the question is, whether the justice of the peace has jurisdiction of the parties and the subject matter of the suit, and a right of recovery is shown, — if so, then he must have judgment.

5. STATUTES — *public and private.* Where an act of the general assembly declares that it is a public statute, and that judicial notice thereof shall be taken in all courts and places, it must be held to be a public and not a private law, notwithstanding it also declares that it may be read in evidence without proof. Had this last been the only clause, it might have been otherwise.

APPEAL from the Circuit Court of the county of Randolph; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action brought by Matthew McClurken, before the recorder of the city of Sparta, who was acting as a justice of the peace, *ex officio*, against Robert Pollock. A trial was had,

and the cause was removed by appeal to the Circuit Court of Randolph county. A trial was subsequently had in that court, during the progress of which defendant asked a number of instructions, a portion of which the court refused to give, and defendant complained of that refusal as error. They are these:

"4. The mere evidence of an assignment of the promissory note in question, or of a suit instituted thereon by the defendant, or by some third party, or even the evidence of a judgment recovered on the note, would not dispense with the necessity of proof of a demand for the note, and a refusal on the part of the defendant, before the plaintiff would be entitled to damages, in an action of trover.

"5. The jury are instructed, that it is a correct principle of law, that, where a promissory note has been wrongfully taken from the owner or wrongfully withheld from the one legally entitled to its possession, and afterward sold and converted into money by the one who wrongfully took it or wrongfully withheld it, as the case may be, the owner or person, legally entitled to its possession, may waive his right to the action of trover, and recover damages from the wrong doer in an action of assumpsit, for money had and received; but in such case the plaintiff cannot recover in such form of action, without it shall be first proved the note had been actually converted into money, by the defendant, *before* the suit was commenced by the plaintiff. In this case, therefore (if the jury should be satisfied, from the evidence, the note in question legally belonged to the plaintiff), the proof of the assignment of the note, or proof of judgment recovered on the note, or the evidence of both facts, alone, would not be sufficient evidence of a conversion, to authorize the plaintiff to recover a verdict, and judgment against defendant in an action of assumpsit."

"10. The jury are instructed, that, when a contract is made by one partner on behalf of himself and other partners, and an action is brought to recover for a breach of such contract, the same evidence which would establish the liability of one or more of his copartners would also be sufficient to fasten the

liability for a breach of such contract, on the partner who made the contract. And furthermore, that, if there should be a judgment recovered against one of the partners for such breach of contract, in an action brought against one only of such partners, the recovery of such judgment may be pleaded successfully by either one of the other partners, as a defense, if they or either of them should be afterward sued in an action for a breach of such contract. And it is for the reason the law is so, that the testimony of one partner (if objected to) is not competent evidence to establish a judgment, in a separate action, brought against one of his copartners, for a breach of contract, or other cause of action, wherein, if all the partners were sued, all would be held liable.

"11. Applying the law as laid down in the last foregoing instruction, the jury will not be warranted in receiving or giving any effect to the testimony of the witness Calderwood, so far as it may tend to fasten a liability on the defendant, Pollock, for a breach of contract entered into by the witness, on behalf of himself and partner with McClurken, the plaintiff. Unless the liability of Pollock is made out by other evidence, the jury must find for the defendant."

The jury found a verdict for the plaintiff, and defendant entered a motion for a new trial, which the court overruled and rendered judgment against the defendant on the verdict. To reverse that judgment defendant prosecutes this appeal.

Mr. THOMAS G. ALLEN, for the appellant.

Messrs. O'MELVENY & HOUCK, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This action was brought by appellee before the recorder of the city of Sparta, against appellant, to recover a demand of $157.75. On a trial, plaintiff recovered that sum and costs against defendant. He thereupon prosecuted an appeal to the Circuit Court, and a trial was had before the court and a jury, when

the jury found a verdict in favor of plaintiff for the sum of $158.85. A motion for a new trial was entered and overruled by the court, and a judgment was rendered upon the verdict. And defendant brings the case to this court to reverse the judgment.

It appeared in evidence on the trial in the court below, that Calderwood, Dickie and appellant were partners, or on the eve of entering into partnership; that they were desirous of purchasing a certain woollen factory of one Swanwick. Appellee proposed to aid them in the purchase of the property, and to get Swanwick to sell them the property at the same price which it had cost him at an administrator's sale, if they would give up to him two notes he had given, one to Calderwood and the other to appellant, and which they then held. The proposition was assented to; Swanwick was sent for by appellee, and he came, the property was sold and conveyed to them, at the price named in the proposition.

It also appears that the notes were the individual property of the holders. Calderwood destroyed the note held by him; but appellant assigned his. After it was sold and suit was brought on it, defendant brought this suit to recover compensation for the damages which he sustained, by reason of a breach of the agreement. The assignee collected from appellee in error, on execution, the note and interest, amounting with costs to $158.85, but the payment was not made until after this suit was instituted.

Calderwood testified that he burned the note which he held, in discharge of the contract, as he understood it. It is, however, urged that the action is misconceived, as it should have been against all of the members of the firm and not alone against appellant. The action of Calderwood, who had every means of knowing what the agreement was, shows that he understood it to be individual and not joint; and carried it out without any question or objection according to that understanding. He says he destroyed the note,—not that the firm did.

The ownership of the notes was in the individuals, and not

in the firm; and there is no evidence that the proposition was made or assented to by them otherwise than as individuals. If a firm then existed, it does not appear from the evidence. And there is no evidence, that appellee had any reason to suppose that they were acting as a firm, and Calderwood's subsequent acts show that they were not, as he destroyed the note, and it does not appear that the amount had been charged to the firm. Neither Calderwood nor Dickie says that it was ever regarded or treated as a firm contract. And it. appears, that appellant, upon being inquired of as to what disposition he intended to make of the note, replied that he did not know that they would exact it. There is no pretense that the note belonged to the firm, and why this answer, unless he felt that there was an obligation to surrender it, resting upon him? Again, it was a question for the jury, whether the contract was joint or several, and they have found that it was the latter, and we think the evidence warrants the finding.

It appears, we think, clearly, from the evidence, that appellee was an agent in negotiating the purchase; and a partner of appellant, who must have known, says that he was not acting for the firm. If this was so, then he must have acted for the parties as their individual agent. And they would not probably have assented to his proposition if they had not supposed it to their advantage.

Appellant had placed it out of his power to surrender up the note, by transferring it before this suit was brought, and that was a breach of the contract. It was no longer in his power to comply with his agreement, and hence a demand of the note was useless, and the law never requires the performance of a useless act. The objection, therefore, that no demand was made was not well taken.

As to the admissibility of Calderwood's evidence, there is nothing in the record to show that he had any interest in the event of the suit. Had it appeared that the contract was made with the firm, and it was liable to be sued for its breach, then the objection would have been well taken. But such is not the evidence.

This action was instituted in a court where written pleadings are not required, and it is the well settled practice, that, in such courts, the party suing need not even name his action, or if misnamed, that will not affect his rights, if upon hearing the evidence he appears to be entitled to recover, and the court has jurisdiction of the defendant and of the subject matter of the litigation. In this case an action of assumpsit would lie for the breach of the agreement; and the defendant below, treating or calling it an action of trover, could not affect the rights of plaintiff below. It then follows, that there was no error in refusing defendant's fourth instruction, which could only relate to an action of trover; and, if appellee could have sued for money had and received, this might have been treated as such an action; and no error is perceived in refusing the fifth instruction asked by defendant.

The fifth instruction asked by appellant, no doubt, as an abstract proposition, states the law correctly. But we fail to perceive how it can be applicable to the evidence in this case. It appears that suit was brought on the note on the 31st day of January, and this suit was brought on the 18th of the following February. The breach of the contract was then complete, and authorized the bringing of this suit. And, the breach of contract having previously accrued, it was immaterial whether he had paid the note or not at the time this suit was brought. There was, therefore, no error in refusing this instruction. As to the tenth instruction asked by appellant, it will be time to determine its correctness when the appellee shall sue the firm for this debt. There is no evidence that such a suit had been brought, or recovery had, except in this case, and the instruction was, therefore, inapplicable, and was properly refused. We have already seen that Calderwood was a competent witness, and, if so, the eleventh instruction asked by appellant was properly refused.

It is, again, insisted that the act incorporating the town of Sparta is a private law, and should have been given in evidence on the trial below. By reference to the last section of the act (Private Laws 1859, p. 279), it will be seen that the law is

declared to be a public act, and it declares that judicial notice thereof shall be taken in all courts and places. We are at a loss to perceive how clearer or more explicit language, to make it a public act, could have been employed. It is true, it also declares that the act may be read in evidence without proof. Had this been the only provision there might have been some plausibility in the objection. But the requirement is imperative, that judicial notice shall be taken of the act. And this we understand to be required whether the act be read to the court or not as evidence.

There was no objection urged to the want of jurisdiction of the officer trying the cause before the appeal was taken. It was conceded, on argument, that he was a justice of the peace with enlarged jurisdiction. We have, therefore, determined the case without reference to that question.

The judgment of the court below must be affirmed.

*Judgment affirmed.*