## Michael A. Herrick, Defendant in Error, v. Canada Railway News Company, Plaintiff in Error.

### Gen. No. 15,619.

MUNICIPAL COURT—*how form of action determined in fourth class cases.* In cases of the fourth class in the Municipal Court the form of action is what the evidence shows it to be; no written pleadings being required a misnomer in the form of action is not material. The same rule applies that previously prevailed with respect to actions commenced before justices of the peace.

Error to the Municipal Court of Chicago; the Hon. JOHN H. GILLAN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed May 4, 1911.

KRETZINGER & ROONEY, for plaintiff in error.

A. F. W. SIEBEL, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in error brought a suit for wages for the months of June and July, 1908. The cause was submitted to the court and a judgment was entered in his behalf for $150.

We think the evidence fairly tends to show that the plaintiff in error conducted "The Wawa," a summer hotel in Ontario, and Mr. John Watson was the manager thereof; Mr. Watson agreed with Mr. Herrick to send him transportation from Chicago to said hotel and pay him $100 per month as chef, beginning June 1, 1908; that Herrick held himself ready to go as agreed upon the receipt of transportation, but received none, and later received word that all their help had been employed; that he was unable to secure other employment until July 28th.

The plaintiff in error, in addition to its argument on the facts, contends that if Mr. Herrick is entitled to recover at all, it is on a breach of contract, and not

on a claim for wages. This was a case of the fourth class in the Municipal Court. We think the point made is conclusively determined against plaintiff in error in Edgerton v. C., R. I. & P. Ry. Co., 240 Ill. 311. The court there said: "As to this class of cases under the Municipal Court Act, where no written pleadings are required, the same rule will govern as controls the form of actions before justices of the peace. We have held that 'it is the well settled practice that in such courts (*i. e.*, where written pleadings are not required) the party suing need not even name his action, or if misnamed that will not affect his rights, if upon hearing the evidence he appears to be entitled to recover, and the court has jurisdiction of the defendant and of the subject matter of the litigation.'" (Citing authorities.)

The judgment is affirmed.

*Affirmed.*