# The Decatur Furniture Company, Defendant in Error, v. Chester A. Tousey, Plaintiff in Error.

## Gen. No. 16,178.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. MUNICIPAL COURT—*effect of adoption of inappropriate form of action.* In cases of the 4th class the form of the action is of no consequence where the court has jurisdiction of the person of the defendant and of the subject-matter of the litigation.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 21, 1912. Rehearing denied March 12, 1912.

FRED A. BANGS, for plaintiff in error.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for defendant in error; WILLIAM P. VROMAN, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error, Chester A. Tousey, prosecutes this writ of error to review the record of the Municipal Court in a case of the fourth class, wherein upon a trial by the court without a jury the defendant in error recovered a judgment for $442.50.

The amended bill of particulars filed by defendant in error is as follows:

"To rent of factory building in Decatur, Illinois, belonging to the plaintiff occupied by defendant as follows:

1 month, March 5, to April 5, 1907........$ 50.00
20 months, April 5, 1907, to Nov. 5, 1908.... 100.00
To value of wiring belonging to the plaintiff·
    and taken out of the building without per-
    mission by the defendant................ 400.00

                                              $550.00"

The evidence discloses that in March or April, 1906, plaintiff in error, acting either for himself or for the firm of Tousey & Cottrill, purchased from the trustee in bankruptcy of the Decatur Chair Company and the Joliet Chair Company, bankrupts, the stock and machinery belonging to said bankrupts, then contained

in buildings belonging to defendant in error; that thereafter plaintiff rented space in said buildings for the storage and handling of said stock and machinery, paying therefor $200 a month from April 5, 1906, until December 5, 1906, when in view of the fact that much of the property had been disposed of and less room was required, the rent was reduced to $50 a month, which amount was thereafter paid by plaintiff in error up to March 5, 1907; that beginning March 5, 1907, as claimed by plaintiff in error, or April 5, 1907, as claimed by defendant in error, plaintiff in error was released from his obligation to pay $50 a month as rent, and thereafter continued to occupy a portion of the building until November 5, 1908; that at the time plaintiff in error went into possession of the property, the buildings were wired with about 6,000 feet of copper wire, connected with the dynamo in the engine room, and were also equipped with about 150 electric lamps and other fixtures, used in lighting the building; that the wire, lamps and fixtures were the property of defendant in error; that acting upon the assumption that said wire, lamps and fixtures were the property of plaintiff in error, an agent or servant of plaintiff in error, with the knowledge and implied, if not express direction, of plaintiff in error, caused the same to be disconnected and removed from the building and sold the same as junk for $40.

The only witness who attempts to fix a time when the conversation was had with plaintiff in error, wherein it was agreed that the obligation of plaintiff in error to pay $50 a month rent should cease, was John B. Prestley, the secretary and treasurer of defendant in error. He testified that the conversation was had within thirty days after March 5, 1907. Plaintiff in error testified to a different version of the same conversation, but did not assume to say when the conversation occurred and did not deny the statement made

by Prestley in that particular. Obviously, if the con-
versation occurred after March 5, 1907, and prior to
April 5, following, it was at a time when plaintiff in
error was in possession of the premises after the ex-
piration of the monthly term on March 5, under the
theretofore existing agreement to pay $50 a month as
rent, and he was, therefore, then liable to pay such
rent for the month ending April 5. A finding that
plaintiff in error was liable for the rent at $50 a
month, for the month ending April 5, 1907, was not
unwarranted.

As to the claim of defendant in error for rent at
$5 a month for the twenty months following April 5,
1907, during all of which time a portion of the prem-
ises were occupied by plaintiff in error, there is a
direct conflict in the evidence. Plaintiff in error's
version of the conversation with John B. Prestley,
heretofore mentioned, was, that he asked Prestley
whether or not in view of the fact that the premises
were then not otherwise occupied, and the material
in storage was down to a small amount, defendant in
error could not afford to permit him to occupy the
premises without paying further rent; that Prestley
recalled the fact that plaintiff in error had paid "a
good deal" of money for rent, and said there would
not be any further charge for rent if plaintiff in er-
ror would move out within a day or two if it was
necessary. Prestley testified that upon the occasion
in question plaintiff in error claimed that the rent
should be reduced from $50 a month and that he didn't
think he (witness) should charge him anything; that
he replied that plaintiff in error had paid the rent
promptly and he felt very kindly towards him and
could be trusted to make the rent reasonable and the
matter would be satisfactorily arranged thereafter;
that he did not tell plaintiff in error he could use the
premises free of rent. The record also discloses that

in his deposition, taken prior to the time he testified as a witness at the trial, he testified that sometime between April 5th and May 5th plaintiff in error said that so much of the machinery that was on storage had been shipped he desired the rent reduced to a nominal amount, and defendant in error agreed that the rent, after the current month, would be reduced to a nominal rent. For aught that appears the trial court in arriving at its finding may have wholly eliminated the charge for rent of the premises following April 5, 1907, but if such charge was allowed, its allowance cannot be held to be against the manifest weight of the evidence. It is uncontroverted that a charge of $5 a month was reasonable.

Upon the testimony of plaintiff in error alone he is liable for the value of the copper wire in question. He admitted that the wire was not his property; that it was sold for him by his agent and that he "corroborated or authorized" its sale for thirty-five or forty dollars.

Evidence that the fair and reasonable value of the wire before it was taken down was $400 and that it would be reasonably worth $300 to replace it is uncontradicted.

It is, however, insisted by plaintiff in error that the action for the recovery of rent is in the nature of an action in assumpsit or in debt; that the proper and only action for the recovery of the value of the wire, unless the tort is waived, is in tort; that a tort committed against real estate cannot be waived; and that an action in tort cannot be joined with an action in assumpsit or debt.

This is a case of the fourth class and the form of the action is of no consequence, where the court has jurisdiction of the person of the defendant and of the subject-matter of the litigation. Edgerton v. C., R. I. & P. Ry. Co., 240 Ill. 311.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*