Richard Rolfs, Defendant in Error, v. Pooley Furniture Company, Plaintiff in Error.

### Gen. No. 16,726.

1. MASTER AND SERVANT—*constructive service.* Where plaintiff was employed for a definite time and was paid in full up to the time he quit or was discharged before the expiration of the definite time, he cannot recover for salary or wages after such payment on the theory of constructive service.

2. MUNICIPAL COURT—*action of fourth class.* An action of the fourth class in the municipal court is whatever the evidence makes it, and if the evidence shows a right of action for the amount recovered, judgment should be affirmed on appeal.

3. MASTER AND SERVANT—*implied warranty of competency.* An employee impliedly contracts that he is competent to discharge the duties for which he is employed, and a breach thereof warrants his discharge.

4. MASTER AND SERVANT—*when discharge of employee not wrongful.* One employed by a decorator as a foreman and cutter is incompetent or negligent, or both, and his discharge before the expiration of his contract is not wrongful where on being furnished plans and sketches of the work he makes numerous errors in expensive hangings, curtains and valances.

5. APPEALS AND ERRORS—*when defendant's damages not considered.* Where judgment for plaintiff for damages is improper and it seems that defendant on appeal asks only that judgment be reversed, it is not material to determine his damages.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed December 30, 1912. Rehearing denied.

LACKNER, BUTZ & MILLER, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This was an action in contract of the fourth class in the municipal court by defendant in error against plaintiff in error. Plaintiff's statement of claim was "for wages for five weeks from September 10, 1909, at $30 per week." Defendant filed a statement of a claim of set-off for damages sustained by defendant by reason of the unskillfulness, incompetence, carelessness and negligence of the plaintiff. The court found the issues for the plaintiff, gave him judgment for one hundred and fifty dollars and costs, and the defendant sued out this writ of error.

The plaintiff was paid his salary in full up to the time he quit the service of defendant or was dis-

charged, and could not recover salary or wages after that time on the theory of constructive service. Jones v. Dunton, 7 Ill App. 581; Monarch Cycle Mfg. Co. v. Mueller, 83 Ill. App. 359.

But an action of the fourth class in the municipal court, like an action before a justice of the peace, is whatever the evidence makes it, and if the evidence shows a right of action for the amount of the recovery, the judgment should be affirmed. Edgerton v. Chicago, R. I. & P. R. Co., 240 Ill. 311.

The defendant in May, 1909, had a contract for furnishing the LaSalle Hotel. By a contract in writing the defendant employed the plaintiff as foreman and cutter of its work rooms for one year from June 1, 1909, at a salary of thirty dollars per week. He was furnished with plans of the Hotel, on which every floor was drawn to a scale showing all window and door openings, size of rooms and colored to represent the color scheme of each of the different rooms to be furnished; with a copy of the contract between defendant and the Hotel Company and with a water color sketch of every curtain and valance.

There is an implied contract on the part of an employee that he is competent to discharge the duties for which he is employed, and a breach of such contract will warrant his discharge. To authorize his discharge it must appear that he failed to perform his duties in a reasonably skillful manner. 26 Cyc. 990. He is also bound to use due care, and habitual neglect in the discharge of his duties will warrant his dismissal. A single act of neglect has been held sufficient when injurious. 26 Cyc. 990, note 44.

Some of the errors made by plaintiff in his work, as shown by the record, were the following: Where certain red and certain green hangings were to go in the elevator lobby, the red hangings were cut seven inches longer than the green and had to be recut to the length of the green. There were seven green valances and curtains too many and forty-two valances

too many cut for bedrooms. In the ballroom the hangings were made a foot and a half too short and had to be pieced out. For the palm room plaintiff cut the hangings one foot too long; that one foot of material was wasted and it cost eight dollars a yard.

We think that the evidence clearly shows that plaintiff was either incompetent or negligent or both; that he did not perform the duties for which he was employed in a reasonably skillful manner, and that if he did not quit voluntarily, but was discharged by the defendant, his discharge was not without good cause or wrongful.

As the plaintiff in error has not asked for judgment here on the claim of set-off or that the cause be remanded, but only that the judgment be reversed, it is not material to determine the amount of damages it has sustained by reason of incompetence or neglect of the defendant in error.

The judment of the municipal court will be reversed.

*Judgment reversed.*