## William Gilman, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

### Gen. No. 19,144.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim does not state a cause of action.* In an action for personal injuries in the Municipal Court a statement of claim which did not allege negligence on the part of defendant or due care on plaintiff's part does not state a cause of action under the rules of common-law pleading.

2. APPEAL AND ERROR, § 445*—*when insufficiency of declaration to state a cause of action may be raised.* At common law the fact that a declaration does not state a cause of action is not waived

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

by filing a plea of the general issue, and the point may be raised for the first time on review.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when fact that statement of claim does not state a cause of action immaterial.* In fourth class cases in the Municipal Court the practice is the same as in justice courts, and the fact that the statement of claim would be insufficient to set up a cause of action at common law does not render it insufficient.

BARNES, J., concurring specially.

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 10, 1914.

JOHN W. WALSH and FRANK L. KRIETE, for plaintiff in error; JOHN R. GUILLIAMS, of counsel.

E. W. ADKINSON, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

By the writ of error in this case a judgment in favor of the defendant in error for five hundred dollars is sought to be reversed. Only the common-law record is before us, and the assignments of error are all based on the one proposition that the plaintiff's statement of claim does not set forth a cause of action, and that, therefore, the judgment predicated upon it should not be allowed to stand. The plaintiff's statement is as follows:

"Plaintiff's claim is for damages caused by a door in one of defendant's street cars violently striking against the car dumper (bumper) and breaking the glass in the door and showering broken glass on plaintiff cutting the blood vessel and nerve in the back of plaintiff's right hand causing pain and suffering and loss of two weeks' time and permanently injuring plaintiff's hand to plaintiff's damage of one thousand dollars."

An affidavit of merits was filed by the Railways Company, defendant, setting forth the nature of its defense to be as follows: "That the injuries com-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

plained of in plaintiff's statement of claim occurred through no fault of the defendant." The affidavit of defense also contains this language: "Reserving the right to object to any insufficiency of plaintiff's statement of claim and any insufficiency of plaintiff's evidence to establish defendant's liability."

We agree with counsel for defendant that the statement of claim does not set up a cause of action, as required by the rules of common-law pleading; it does not charge negligence on the part of the defendant, nor does it allege that the plaintiff was in the exercise of ordinary care. *Klawiter v. Jones,* 219 Ill. 626; *Walters v. City of Ottawa,* 240 Ill. 259. The authorities also fully sustain the proposition of the defendant, to the effect that at common law the question that a cause of action is not stated in the declaration is not waived by the filing of the plea of the general issue, and the point may be raised for the first time in a court of review. *Smalley v. Edey,* 19 Ill. 207; *Board Sup'rs Madison County v. Smith,* 95 Ill. 328; *Chicago & A. R. Co. v. Clausen,* 173 Ill. 100; *Schueler v. Mueller,* 193 Ill. 402; *Chicago R. I. & P. Ry. Co. v. People,* 217 Ill. 164.

In the case of *Edgerton v. Chicago, R. I. & P. Ry. Co.,* 240 Ill. 311, it is said in respect to cases like the one now under consideration (being cases of the fourth class):

"As to this class of cases under the Municipal Court act, where no written pleadings are required, the same rule will govern as controls the form of actions before justices of the peace. We have held that 'it is the well settled practice that in such courts [*i. e.,* where written pleadings are not required,] the party suing need not even name his action, or if misnamed, that will not affect his rights, if upon hearing the evidence he appears to be entitled to recover and the court has jurisdiction of the defendant and of the subject matter of the litigation.' (*Pollock v. McClurken,* 42 Ill. 370; *Rehm v. Halverson,* 197 id. 378; *Swingley v. Haynes,* 22 id. 214; *Ballard v. McCarty,* 11 id. 501.)"

It is argued by the plaintiff in error that this announcement of the law is incorrect and that the decision is practically overruled by the case of *Walter Cabinet Co. v. Russell*, 250 Ill. 416, wherein the following language is used:

"The object of the rules requiring statements of claim and of set-off is to inform the parties of the nature of the respective claims, and while the formalities of pleading have been abolished by statute, it is still the law in the Municipal Court, as in other courts, that a party is limited, in his evidence, to the claim he has made; that he cannot make one claim in his statement and recover upon proof of another without amendment. The issue is made by the statement of claim, and the evidence must be limited by that statement. The issue cannot be enlarged by oral claims or affidavits filed in the case."

The *Edgerton* case, *supra,* is not referred to in the case cited, and we should not assume that in the language used it was intended, expressly or by indirection, to reverse the holding in the former case. Until otherwise advised, we must assume that the practice in the Municipal Court in fourth class cases is the same as that in cases before justices of the peace. "In such a case the question is whether the justice of the peace has jurisdiction of the parties and the subject matter of the suit, and a right of recovery is shown,—if so, then he must have judgment." *Pollock v. McClurken*, 42 Ill. 370.

The court clearly had jurisdiction, and we must assume that the evidence, if it had been preserved in the record, would have shown a right of recovery in the plaintiff.

The judgment is affirmed.

*Affirmed.*


MR. JUSTICE BARNES concurring specially:

I agree that the judgment should be affirmed, but not upon the ground stated. The *Russell* case, *supra,* recognizes that, unlike the justice court practice, section

40 of the Municipal Court Act (J. & A. ¶ 3352) requires a pleading, called a statement of claim, to be filed when the suit is commenced, and that, like any other pleading, its purpose is to present an issue for trial, but not "with the particularity required in a declaration at common law." The manner of forming an issue thereon is left to the rules of said court. This appears to be done by filing an affidavit of defense, which defendant did in this case, taking issue and thus showing that it understood "the nature of the case," which is all said section requires the pleading to set forth. It was manifestly too late after thus taking issue to raise any question as to its sufficiency in that respect, and that is the only question before this court.

But I cannot, in the face of the statute, assent to the view that a suit upon a contract or for tort in the Municipal Court can be tried without pleadings as in courts of justices of the peace, or that the Supreme Court intends to be understood as so holding. Whatever it may be called, the statement of claim required by said section performs the office of a pleading, but one to which the technicalities of common-law pleadings and practice are not applicable.