## Alice Burge, Appellee, v. Englewood Motor Car and Garage Company, Appellant.

### Gen. No. 24,292.

1. TROVER AND CONVERSION, § 4*—*what not conversion.* A mere demand and refusal are not sufficient to constitute a conversion.

2. TROVER AND CONVERSION, § 37*—*when burden on plaintiff to show affirmative wrongful act.* In an action for damages for conversion of personal property, the burden is on plaintiff to prove some affirmative wrongful act, on the part of defendant, concerning the property itself.

3. TROVER AND CONVERSION, § 3*—*what are requisites of act to constitute conversion.* The act alleged to be a conversion must be positive and tortious, but not necessarily wilful or corrupt, and neither negligence, active or passive, nor a breach of contract, even though it results in the loss of the specific property, constitutes the wrong.

4. TROVER AND CONVERSION, § 19*—*what not conversion by garage keeper.* A garage keeper is not liable for the conversion of a stored car stolen from the garage by some unknown person.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. MUNICIPAL COURT OF CHICAGO, § 10*—*what is effect of improperly declaring in trover instead of in case.* The fact that the plaintiff, in a fourth-class case in the Municipal Court, of Chicago, improperly declares in trover, instead of in case, does not affect his right of recovery.

6. TROVER AND CONVERSION, § 39*—*when verdict unsupported by evidence.* In an action of replevin in the Municipal Court of Chicago, against a garage owner, which was later changed to one in trover, upon discovery that the property had been stolen by some unknown person, a verdict finding defendant "guilty of having maliciously, wilfully and intentionally, and with intent to injure and defraud the plaintiff, converted to defendant's own use the goods and chattels of the plaintiff," *held* unsupported by evidence and to be improper in form.

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded. Opinion filed March 12, 1919.

CHURCH, SHEPARD & DAY, for appellant; HOWARD W. LEWIS, of counsel.

ROBERT E. LEE, for appellee; ELLIS D. WHIPP, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On August 22, 1917, the plaintiff filed an affidavit for the replevin of a Ford automobile. The affidavit among other things set up that the defendant wrongfully took and wrongfully detained said automobile from the plaintiff. On the same date a "fourth-class replevin writ" was issued, and on the 24th day of the same month that writ was returned and recited that a demand had been made and that it was "unexecuted as to the within described property." On September 1, 1917, the defendant entered its appearance, and, on the 17th day of the same month, the court entered an order granting leave to the plaintiff to file a statement of claim in trover instanter and ordered the defendant to file an affidavit of merits within 5 days. A state-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment of claim in trover was accordingly filed and set up: (1) That the plaintiff was the owner of said Ford automobile of the value of $372.75, and that, being the owner, was entitled to the possession of the property on August 5, 1917; that the said automobile being then in the possession of the defendant, the latter, knowing the said automobile to be the property of the plaintiff, "by contriving and intending to injure the plaintiff in this behalf," has not since the 5th day of August, 1917, delivered the automobile to the plaintiff although often requested so to do, and afterwards, to wit, on the 5th day of August, 1917, converted and disposed of the same to its own use to the damage of the plaintiff in the sum of $500; (2) that the plaintiff was on August 5, 1917, the owner of and entitled to the possession of the said automobile in the value of $372.75; that the said automobile was on August 3, 1917, left with the defendant, then in the business of conducting a public garage in the City of Chicago; that it then and there "undertook to and did, for hire, agree with the plaintiff therein to keep her said property herein described until she should call for same," and on August 5, 1917, she did call for said automobile and demand that the same be delivered to her; that the defendant failed and refused to deliver it to her and wrongfully withheld it from her, and on August 5, 1917, "did convert the same to their own use" to the damage of the plaintiff in the sum of $500.

On September 20, 1917, the plaintiff filed an affidavit of merits denying the refusal or failure to deliver; denying conversion to its own use and making the following averments: "That said defendant received said automobile from the plaintiff for the purpose of storing the same in its public garage and undertook only to exercise that degree of care and caution for the safety of said automobile as is ordinarily required to be exercised by an owner of a public garage in caring for an automobile for hire; that said defendant did exercise all due care and caution for the safe care and

keeping of said automobile; notwithstanding which some person or persons unknown to said defendant, and while said defendant was exercising all due care and caution for the safe-keeping of said automobile, stole said automobile from said public garage; that said defendant immediately after said theft occurred made diligent search for said automobile and for the person or persons who stole the same, but has been, and still is, unable to find or recover said automobile; that said defendant never wrongfully withheld said automobile from plaintiff or converted it to its own use.''

The evidence shows the following: On August 4, 1917, the plaintiff bought from the Wells Motor Company a Ford automobile, paying therefor the sum of $372.75. Immediately after it was delivered, she took it over to the defendant and asked one Rector, the secretary and treasurer of the defendant, how much it would cost to leave it in the defendant's garage. Finally arrangements were made that she should pay 25 cents a day. She left the automobile in the defendant's garage on that day, and from time to time between August 4th and August 12th it was taken out and used and returned to the defendant's garage by the plaintiff. The defendant's garage was located on the south side of 64th street between Union avenue and Halsted street. About 10:45 p. m., Sunday, August 12, 1917, the watchman, one George Winterbottom, who had charge of the garage at night, heard an automobile start in the rear of the garage. He started in to investigate and as he got to the interior entrance of the garage, the plaintiff's automobile, driven by someone unknown to him, came towards him, causing him to get out of the way. It was driven fast by some one the watchman did not recognize. He was unable to stop it, and it has not been seen or heard of since. At the time of the theft there were in the garage altogether about 60 automobiles. The next morning, about 20 minutes past 7, Rector, of the defendant com-

pany, called the plaintiff on the telephone and asked her if she had sent any one for her automobile, and she answered that she had not done so. He then told her that it had been out of the garage since 10:45 the night before. The police were notified at once but the automobile was not found. It was admitted by the defendant, as stated in his affidavit of merits, that the automobile was stolen from the defendant's garage.

At the close of the evidence the jury were instructed that the burden of proof was upon the plaintiff to show by a preponderance of evidence that the Ford automobile in question was lost to the plaintiff by reason of the negligence of the defendant, and unless they believed from the evidence that it was lost by reason of the negligence of the defendant they should find the defendant not guilty. They were also instructed that the keeper of a public garage is not an insurer of automobiles left in his charge but is required to exercise only reasonable or ordinary care to prevent the loss of such automobiles, and that reasonable or ordinary care which is required of the keeper of a public garage in such cases is such care as a man of ordinary prudence and discretion ought to exercise and would be expected to exercise over his own automobiles under the same circumstances. Further, that if they believed from the evidence that the defendant exercised reasonable and ordinary care to prevent the theft of the Ford automobile in question, but that notwithstanding the exercise of such care the said automobile was stolen from the garage of the defendant, they should find the defendant not guilty; that ordinary care is such care as every prudent person takes of his own goods; that if they found the issues for the plaintiff in assessing the damages, their verdict should be for the value of the automobile left with the defendant on August 12, 1917.

The trial judge submitted two forms of verdict to the jury, one of which, and which was the one returned by the jury, is as follows: "We, the jury, find the

defendant, Englewood Motor Car and Garage Company, guilty of having maliciously, wilfully and intentionally, and with intent to injure and defraud the plaintiff, converted to defendant's own use the goods and chattels of the plaintiff, and assess the plaintiff's damages at the sum of $371.15.''

It is now contended by the defendant that, although it is provided in section 18, ch. 119, of the Illinois Statutes (J. & A. ¶ 9203) that when, in replevin, the property is not found and the defendant enters his appearance, "the plaintiff may declare in trover for such property" and "if he shall recover, shall be entitled to judgment for the value thereof or his interest therein, and such damages as he shall have sustained by reason of the wrongful taking and detention, as in other cases of trover," the plaintiff is not authorized to declare, in an action on the case, for the loss of his property through the negligence of the defendant, or in assumpsit for the breach of a contract to properly care for the property.

The plaintiff's statement of claim alleges as the sole ground of recovery that the defendant converted the plaintiff's automobile and disposed of it to its own use, and the verdict of the jury upon which judgment was entered, finds the defendant guilty of "maliciously, wilfully and intentionally" converting the property to its own use. Of course the evidence does not support the verdict. The defendant denies the conversion in its affidavit of merits and the evidence shows that the automobile was not lost through any overt act of the defendant but through the act of some unknown person. At the time the plaintiff made demand for the automobile it was not in the possession of the defendant, and as it is the law that a mere demand and refusal are not sufficient to constitute a conversion, the burden was upon the plaintiff to prove some affirmative wrongful act, on the part of the defendant, concerning the property itself. "The act alleged to be a conversion must be positive and tortious, but not nec-

essarily wilful or corrupt; for neither negligence, active or passive, nor a breach of contract, even though it result in the loss of specific property, constitutes the wrong under consideration." 38 Cyc. 2008. Of course, if negligence were the proximate cause of the loss, then the defendant would be liable in an action on the case. It is difficult, however, to discover in what way, under the law, the defendant is liable in trover for a conversion.

However, as this is an action of the fourth class, the fact that it is stated to be in trover and not in case would not affect the plaintiff's right to recover, at least in so far as the mere form of the motion is concerned. *Edgerton v. Chicago, R. I. & P. Ry. Co.,* 240 Ill. 311.

A further contention of the defendant—and which is decisive of this appeal—is that the verdict returned was not supported by the evidence. In *L. Fish Furniture Co. v. Reliable Storage & Van Co.,* 187 Ill. App. 6, which was an action of replevin, later changed to trover, a verdict similar in form to the one in the instant case was held to be erroneous. We are, therefore, of the opinion that the particular form of verdict here under consideration, and which was presented to and returned by the jury, constitutes error. Although it followed the averments in plaintiff's statement of claim in trover, it was entirely unsupported by the evidence. Considering the action as one in case, the verdict was improper, and considering it as an action in trover, the evidence did not prove a conversion.

On account of the errors referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*