# CHARLES J. WHEELER

*v.*

# JOHN D. RANDALL.

1. DECEIT — *in actions for* — *in making false representations* — *knowledge of their falsity must be shown.* In an action on the case for deceit, in making false representations to the plaintiff, in the sale of a flock of sheep, such action is not supported by proof merely that the representations were false; but it must also be proved that the defendant knew them to be false, in order to constitute the fraud.

2. SAME — *concerning the allowance of vindictive damages in such actions.* And in such case, where it appeared that the sheep were diseased, and the court instructed the jury to the effect, that, in addition to the actual damage sustained by the plaintiff, they might " give vindictive damages, by way of punishment to defendant, for scattering and spreading disease among sheep;" *Held,* That the direction was erroneous; that it was not illegal to sell diseased sheep, and that if defendant could be subjected to vindictive damages, in such case, it should be for the fraud *alone,* and *not* for " scattering and spreading disease among sheep."

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

The opinion states the case.

Mr. CHARLES WHEATON, for the appellant.

Messrs. WAGNER & CANFIELD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action, brought by Randall, against Wheeler, for deceit, in making false and fraudulent representations in selling a flock of sheep. The plaintiff recovered a verdict and judgment, from which the defendant appealed.

It is true, as urged by the counsel for appellant, that the defendant is not liable in an action of this character, merely

on the ground that the representations were false. He must have known them to be false, in order to constitute fraud. On this ground, some of the instructions given for the plaintiff were defective, but the defect was so amply remedied by those given for the defendant, that we can not suppose the jury were misled. In those instructions, the jury were told, again and again, and very clearly, that false representations would not make the defendant liable, unless he knew them to be false when he made them.

There was an error, however, in the sixth instruction given for the plaintiff, which was as follows:

"6. If the jury believe, from the evidence, that the defendant falsely, fraudulently, deceitfully and wilfully sold the sheep in question, having the scab, and the 'scab' is an infectious disease, and can be communicated from one flock of sheep to another, then, in addition to the actual damage sustained by the plaintiff, if shown by the proof, the jury may give vindictive damages, by way of punishment to defendant, for scattering and spreading disease among sheep."

There is authority for allowing vindictive damages, in cases of gross fraud, though it is in what are termed vindictive actions, such as for libel, defamation, assault and battery, false imprisonment and the like, that they are more properly given. But conceding that the defendant might have been subjected to vindictive damages, if guilty of the fraud with which he is charged, it should have been for the fraud alone, and not "for scattering and spreading disease among sheep," as stated in the instruction. The law does not forbid the sale of diseased sheep. It forbids the use of fraudulent representations in selling sheep, whether diseased or healthy, and the vendor is liable for all damages flowing from his fraud. If a contagious disease is communicated to other sheep owned by the purchaser, that fact would, undoubtedly, be a legitimate matter

for consideration in assessing his damages, but if the plaintiff had, upon the trial, offered evidence that the disease had been communicated to the sheep of other persons, he would undoubtedly have been told by the court, that their injuries furnished no ground for enhancing the damages to be given to him. If, then, direct evidence on this point, would have been inadmissible, on what ground can it be claimed that the jury may give vindictive damages because of the mere possibility of such a state of facts? The sheep in question, were no more likely to spread disease among sheep generally, after the sale, than they were before it. As already remarked, it is not illegal to sell diseased sheep. This is done every day, as they are an animal peculiarly liable to disease. Yet this instruction seems to assume that there is something criminal in the mere sale of such sheep, as tending to spread contagion, and that, for that reason, the plaintiff should recover greater damages than he had really suffered from the fraud, not as a punishment for the fraud, but "for scattering and spreading disease among sheep." The instruction was wrong, and we infer, from the amount of the verdict, that it misled the jury. For the error in this instruction, the judgment must be reversed.

*Judgment reversed.*