JESSE HOLDOM

*v.*

JOHN M. AYER.

*Filed at Ottawa June 13, 1884.*

1. FRAUD AND DECEIT—*necessity of having relied on representations.* A party defendant who has induced the plaintiff to subscribe and pay for stock in a corporation through false representations of the value of such stock, etc., is not liable in an action on the case for fraud and deceit, if it appears that the plaintiff did not rely upon the representations as charged in the declaration, but upon the guaranty of the defendant.

2. SAME—*of the scienter.* Where an agent of a mining company, by false representations as to the value of the shares of stock in such company, or as to the extent and condition of the property of the company, induces another to subscribe for and purchase shares of stock from the company, the agent will not be liable to the purchaser in an action for fraud and deceit unless he knew his representations were false when he made them. The fraud and the *scienter* constitute the grounds of the action.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This suit was brought by Jesse Holdom, against John M. Ayer. The declaration is in case, and contains two counts.

The substance of the first is, that plaintiff, by representations made by defendant, who it is averred was one of the promoters and original corporators in the Chiricahua Mining and Milling Company, (a corporation organized for pecuniary profit,) as to the great value of the shares of the capital stock of such corporation, and the property owned by the same, and the value of the dividends to be declared, was induced thereby to subscribe for ten shares of the stock of such company, for which he paid the company $1000, being the aggregate par value of such stock. It is then averred, with the usual formality, that all the representations made by defendant as to the value of the shares of stock and of the property owned by the corporation were false and deceitful representations, which defendant well knew, and that such shares of stock at the time were worthless and of no value, and in consequence thereof plaintiff sustained damage in the amount he paid for such shares of stock. The second count is similar to the first, with an allegation of a tender of the shares of the stock to defendant, and a demand for the money paid for them, which defendant refused. Only the general issue of not guilty was pleaded. On the trial in the circuit court the jury found the defendant not guilty. A motion for a new trial was overruled, and the court entered judgment on the verdict. That judgment was affirmed in the Appellate Court for the First District, and plaintiff brings the case to this court on his further appeal.

Mr. JESSE HOLDOM, and Mr. D. J. SCHUYLER, for the appellant:

Appellee, by reason of his position as a director and promoter of the corporation, had opportunity to know the truth or falsity of his representations, and whether or not he had actual knowledge of their falsity at the time he made them, will not release him from liability. Morawetz on Private Corp. sec. 308; *Gerhard* v. *Bates*, 2 El. & Bl. 488; Thomp-

son on Liability of Officers and Agents of Corp. 216, sec. 17, and p. 350; *Wakeman* v. *Dalley*, 51 N. Y. 27; *Peck* v. *Gurney*, H. L. R. 377; *Shinn* v. *Croucher*, 1 DeG., F. & J. *518; *McFarren* v. *Taylor*, 3 Cranch, 270.

If one obtains the property of another by means of untrue statements, though in ignorance of their falsity, he must be held responsible as for a legal fraud. *McFarren* v. *Taylor*, 3 Cranch, 270; *Smith* v. *Richards*, 13 Pet. 126; *Bennett* v. *Judson*, 21 N. Y. 238.

It is immaterial to defendant's liability for fraud whether he knew the falsity of his representations or not. *Lockridge* v. *Foster*, 4 Scam. 570; *Parham* v. *Randolph*, 4 How. (Miss.) 435; *Roosevelt* v. *Rulton*, 2 Cow. 139; *Minor* v. *Medbury*, 6 Wis. 295; *Fisher* v. *Mellon*, 103 Mass. 503; *Elliott* v. *Boaz*, 9 Ala. 772; *Beauford* v. *Coldwell*, 3 Mo. 477; *Ayers' case*, 25 Beav. 527; *Pulsford* v. *Richards*, 17 id. 87; *Kelly* v. *Sheldon*, 8 Wis. 258; *Smith* v. *Mariner*, 5 id. 551; *Weatherford* v. *Fishback*, 3 Scam. 170; *Pasily et al.* v. *Freeman*, 3 T. R. 51; *Case* v. *Ayres*, 65 Ill. 42.

Mr. JOHN E. BURKE, for the appellee:

Any representations of defendant based on the letters of the secretary and superintendent of the mines, were made in good faith. *Merwin* v. *Arbuckle*, 81 Ill. 501.

In an action for fraud and deceit, a *scienter* must be shown. It must be shown not only that the representations were false, but that the party making them knew they were false at the time he made them. *Wheeler* v. *Randall*, 48 Ill. 182; *Mitchell* v. *Deeds*, 49 id. 416; *Hiner* v. *Richter*, 51 id. 299; *Walker* v. *Hough*, 59 id. 375; *Merwin* v. *Arbuckle*, 81 id. 501; *Tone* v. *Wilson*, id. 529; *St. Louis and Southeastern Ry. Co.* v. *Rice*, 85 id. 406; *Schwabacker* v. *Riddle*, 99 id. 343; *McBean* v. *Fox*, 1 Bradw. 177; *Rutherford* v. *Fishback*, 3 Scam. 170.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It can not be contended in this court, as was done in the courts below, the verdict is against the weight of the evidence. That question is not open for consideration in this court. In passing upon the questions of law discussed, it will be assumed the verdict is warranted by the evidence.

The point is made the court erred in admitting and rejecting certain testimony on the trial, but the matters complained of in this respect are not of enough importance to be the subject of any serious consideration. The merits of the case were hardly affected by the action of the court of which complaint is made, and the errors in that respect, if any existed, are too trivial to warrant a reversal of the judgment, if no other error shall be discovered.

An instruction asked by defendant, and given by the court, in effect informed the jury that if defendant guaranteed the stock purchased by plaintiff, and that plaintiff, in making such purchase, relied upon such guaranty, and did not rely upon the representations, as charged in the declaration, the law is for defendant. The instruction, as formulated, states a correct principle of law. The declaration was not framed with a view to recover upon any guaranty as to the value of the stock, but upon deceitful representations as to its value. It is said there was no evidence on which to base such an instruction, and it was therefore error in the court to give it. The evidence contained in the record on this branch of the case has been examined, and it is seen it is sufficient to warrant the court in submitting that view of the law to the jury, as was done.

But it is most confidently insisted the court erred in the modifications it made to instructions asked for on the part of plaintiff, and in giving such instructions after they were so modified. Plaintiff asked the court to instruct the jury, if they believe, from the evidence, defendant made representa-

tions as to the value of the shares of stock, or as to the extent, value and condition of the property of the mining company, which were false and untrue, and that plaintiff, relying upon such false and untrue statements, was induced to and did buy the stock, then the verdict should be for plaintiff. To all of the instructions in which this proposition is stated the court added, with reference to the alleged false representations, "known by him to be false," or words implying the same meaning, and it is that modification it is said was error. Narrowing the discussion to the case made by the declaration, it will be seen the modifications to plaintiff's instructions were entirely proper, and necessary to enable the jury to reach a correct conclusion. This is not a case like *Allen* v. *Hart,* 72 Ill. 104, where plaintiff rescinded the contract made with the vendor, on account of the fraud in procuring it, and brought an action against him to recover the consideration paid, and the principle of that and analogous cases can have no application to the case being considered. It will be observed it is not averred in the declaration in this case the stock purchased by plaintiff was bought of defendant. It was bought of the corporation, and it is averred plaintiff paid the money for the shares of stock to the company itself. Had defendant offered to rescind the contract which he alleges he made, on account of the fraud of one of the promoters of the corporation in obtaining it, and brought suit against the corporation itself, to recover the consideration paid for the shares of stock, a case more analogous with *Allen* v. *Hart* would have been presented. The *gist* of the action against defendant is, that being a promoter and one of the original corporators of the company, he made false and untrue representations as to the value of the shares of capital stock of the corporation, and of the dividends to be declared, and as to the condition and value of the property of the company, upon which plaintiff relied in making the purchase of stock. The contract was not with defendant, and no money was paid to him for his

personal benefit. The action is for deceit, in the strictest sense. In such cases it is not enough the representations made by defendant were false,—they must have been "known by him to be false." This point has been so often ruled in this court the question is not now open for discussion. In all actions like the one being considered, the holding is uniform that to warrant an action for deceit the false representations must have been knowingly made, with the intent to deceive. The fraud and the *scienter* constitute the grounds of the action. *Wheeler* v. *Randall*, 48 Ill. 182; *Hiner* v. *Richter*, 51 id. 299; *Merwin* v. *Arbuckle*, 81 id. 501; *Schwabacker* v. *Riddle*, 99 id. 343; *Mitchell* v. *Deeds*, 49 id. 416. Other cases in this court declare the same doctrine.

There was no error in modifying plaintiff's instructions, as was done by the trial court, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*