## American Educational Company v. Mary Taggert.

### Gen. No. 12,196.

1. DECEIT—*what essential to maintenance of action for.* In order to maintain an action for deceit it must appear that false representations alleged were knowingly made with intent to deceive.

2. RESCISSION OF CONTRACT—*what essential to right of.* In order legally to rescind a contract, a party seeking so to do must return or offer to return all that he or she has received from the other party; and such offer to rescind, if based upon fraudulent representations, must appear to have been made within a reasonable time after discovering that such representations were false.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded. Opinion filed February 20, 1906.

**Statement by the Court.** This suit was brought before a justice of the peace and taken to the Superior Court by appeal. In that court the cause was submitted to a jury without instructions and there was a verdict and judgment for the plaintiff for $175, and the defendant appealed.

Plaintiff and defendant entered into the following agreement in writing:

" This agreement, made between Mary E. Taggert of 979 Warren Ave., Chicago, Ill., hereinafter called the Purchaser, and the American Educational Company, a corporation, of Chicago, Ill., hereinafter called the Seller, witnesseth: That the Purchaser has this day employed the Seller to procure for her a scholarship certificate good for $400.00 in the Knickerbacker Hall, Indianapolis, Ind., which scholarship shall entitle the holder as follows: to the full privileges as those given under the advertised charges for $400.00. The Purchaser hereby pays to Frederick Thompson, Chicago, Ill., for the Seller the sum of $————, to be in part payment of the purchase price of said scholarship. If the Seller fails.

to procure for the Purchaser the scholarship above mentioned, on or before Sept. 24, 1902, then the sum above paid is to be repaid to the Purchaser, and this contract shall thereupon terminate.  If the Seller shall procure the scholarship above mentioned, but the Purchaser shall neglect or fail to pay the balance of the purchase price on or before Sept. 21, 1902, then the amount paid as above mentioned shall be retained and kept by the Seller as liquidated and agreed damages, and not as a penalty, for the failure of the Purchaser to carry out the provisions of this contract.  Time is of the essence of this contract, and any failure on the part of either party hereto to comply with the provisions thereof within the time stipulated shall terminate this contract.

"Signed in duplicate on the 16th day of Sept., 1902."
"MARY ENOLAH TAGGERT,
"AMERICAN EDUCATIONAL COMPANY,
"Per FREDERICK THOMPSON."

Duplicate.

It was agreed that plaintiff should pay $350 for the certificate, of which only $175 was to be paid before or on the delivery of the certificate.  A few days after the contract was made plaintiff paid to the defendant $175 and the defendant gave to her the following scholarship certificate:

"No. 338.    SCHOLARSHIP CERTIFICATE.    $400.
"This certifies that Mary Enolah Taggert, Chicago, in consideration of the sum of Four Hundred and no/100 Dollars, the receipt of which is hereby acknowledged, upon presentation of this certificate to Knickerbacker Hall, Indianapolis, Ind., is entitled to a course in said school, as follows: Her entire school bill, including board and tuition in English, Latin, Greek, French and German, for the entire school year 1902–1903.

"This scholarship is transferable only on the books of this company, upon surrender of this certificate.  It is mutually understood and agreed that the holder of this certificate shall conform to the rules and regulations of the school.
"AMERICAN EDUCATIONAL COMPANY,
"Per H. L. PATTERSON,
"Treasurer."

American Educational Co. v. Taggert.

The plaintiff then went to Indianapolis, applied to be admitted as a student at Knickerbacker Hall under said certificate; was so admitted, and remained at the school as such student at least two weeks. She then left the school, returned to her home in Chicago, tendered the certificate to the defendant and demanded that the $175 she had paid to the defendant for the certificate be returned to her. The defendant refused to return the money, and to recover the money so paid this suit was brought.

HARRY A. DAUGHERTY, for appellant.

P. R. BOYLAN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff when the contract was made was twenty years old, was a graduate of a Chicago High School and desired to attend a finishing school for young ladies. The defendant company published an educational magazine in which it advertised private schools and colleges for which it took in payment scholarship certificates which it in turn sold at a discount to persons who desired to become students at such schools or colleges.

The evidence for the plaintiff tends to prove that plaintiff stated to the president of defendant that she was a graduate of a Chicago High School; that she desired to attend a finishing school for young ladies, and asked him to select such a school; that he submitted to her catalogues of a dozen or more schools and colleges; that he stated to her that Knickerbacker Hall was the best school and she selected that school after she had examined the catalogues of the different schools, including the catalogue of Knickerbacker Hall.

There is no evidence in the record tending to show that any statement or representation made to the plaintiff as to Knickerbacker Hall by the president of the defendant company was known by him to be false when made, or that any such statement was made by him with intent to deceive the plaintiff, nor that the president of the defendant company

had any knowledge as to the Knickerbacker Hall school save that derived from the catalogue of that school which he submitted to the plaintiff for examination. The testimony of the plaintiff warrants the inference that Knickerbacker Hall was a school for young girls and not a young ladies' finishing school, for she testified that the pupils were all young girls, that but one of them was above the age of fifteen.

No instructions were asked for by either party and none were given. In the absence of either written pleadings or instructions it is not clear what the ground of plaintiff's action is, whether it is to be regarded as an action for deceit, or an action to recover the consideration of the contract paid by her to the defendant, upon the ground that the defendant had been guilty of such fraud in inducing her to enter into it as authorized her to rescind the contract and recover the consideration paid.

If the action be regarded as an action for deceit, the judgment cannot be sustained, for there is no evidence tending to show that the alleged false representations of the president of defendant that Knickerbacker Hall was a finishing school for young ladies, upon which plaintiff claims that she relied and was thereby induced to enter into the contract, were known by him to be false when made.

In Holdom v. Ayers, 110 Ill., 448, the action was for deceit and the court said (p. 453): "In all cases like the one now being considered, the holding is uniform that to warrant an action for deceit the false representations must have been knowingly made, with the intent to deceive. The fraud and the *scienter* constitute the grounds of the action. Wheeler v. Randall, 48 Ill., 182; Hiner v. Richter, 51 id., 289; Merwin v. Arbuckle, 81 id., 501; Schwabacker v. Riddle, 99 id., 343; Mitchell v. Deeds, 49 id., 416. Other cases in this court declare the same doctrine."

If, upon the other hand, the action be regarded as an action to rescind the contract and recover the consideration paid upon the ground that the plaintiff was induced to enter into it by reason of the false representations of the defendant, by its president, then another objection to the suffi-

ciency of the evidence to warrant a recovery is presented. In Allen v. Hart, 72 Ill., 104, which was an action at law to recover the consideration paid, it was said that: "It is not indispensable to the right to rescind that the party guilty of making the misrepresentation knew it was false or whether he was ignorant of the fact stated, provided it was material, and the other party had a right to rely upon it, did so, and was deceived." But to establish a right to recover upon the grounds last stated it was necessary for the plaintiff to prove both that she had returned or offered to return all that she had received from the defendant, and that she elected to rescind within a reasonable time after discovering that her representation was false.

The scholarship certificate which plaintiff received from defendant provided that: "Mary Enolah Taggert   *   *   * upon presentation of this certificate to Knickerbacker Hall, Indianapolis, Ind., is entitled to a course in said school, as follows: Her entire school bill, including board and tuition in English, Latin, Greek, French and German for the entire school year, 1902–1903." The plaintiff presented the certificate at Knickerbacker Hall, applied for admission as a student under it and was so admitted. By so accepting the certificate and receiving plaintiff as a pupil under it a contract was entered into between the plaintiff and the school. This contract was an entire contract for the board and tuition of the plaintiff during the entire school year. Plaintiff saw fit to leave the school at the end of two weeks, but the school was not bound to receive another pupil in her place for the remainder of the year. It was not in the power of the plaintiff to put the defendant into the position it occupied before the contract was made. The evidence tends to show that the plaintiff not long after her return from Indianapolis tendered the scholarship certificate to defendant and demanded the return of her money, but the return of the scholarship certificate would not place the defendant in its former position, for plaintiff had under the scholarship certificate been received at Knickerbacker Hall

as a pupil for an entire school year and had received her board and tuition as such pupil for two weeks or more.

The case is one where the plaintiff could not return to the defendant all that she received from the defendant, one where *restitutio in integrum* was not possible and for that reason she could not rescind the contract and recover the consideration.

Again we think that the proof fails to show an election to rescind within a reasonable time after she discovered that the representation was false. If the defendant made any false representation, it was that Knickerbacker Hall was a finishing school for young ladies, when in fact it was a school for young girls and its pupils were young girls. Whether the pupils of the school were young girls or young ladies of or near the plaintiff's age; whether the school was a school for young girls, or a finishing school for young ladies, should have been determined by the plaintiff when she first reached the school and before she applied to be admitted as a student, and must have been known to her at once after she was so admitted, yet she remained a pupil of the school for two weeks and it was not until some time after her return home that she offered to return the certificate to the defendant.

The contract of the parties was in writing and oral evidence was not competent to vary or add to its terms. The contract provided that the plaintiff should be entitled at Knickerbacker Hall "to the full privileges as those given under the advertised charges for $400" and the scholarship certificate provided that she should be entitled to "her board and tuition in English, Latin, French and German." Oral evidence was not competent to prove that there was a verbal agreement made at the same time, that she should be taught chemistry or that the course in languages should be different from that stated in the catalogue, but to prove fraud or false representations evidence of the conversations between the plaintiff and the president of the defendant was competent.

The verdict was, in our opinion, manifestly against the

evidence and the Superior Court erred in overruling defendant's motion for a new trial, and for that error the judgment of that court will be reversed and the cause remanded.

*Reversed and remanded.*