THOMAS A. CANTWELL, Defendant in Error, *vs.* JOHN P. HARDING, Plaintiff in Error.

*Opinion filed February 25, 1911—Rehearing denied April 5, 1911.*

1. FRAUD—*when it is necessary to allege and prove scienter.* Where a contract for the sale of stock in a corporation has been executed and the contract has not been rescinded but the purchaser seeks to recover from the seller upon the ground of fraud and deceit in making false representations, it is essential that the declaration aver that the defendant knew the representations made by him were false.

2. SAME—*when giving instruction authorizing recovery if case has been proved as laid in any count is reversible error.* Giving an instruction authorizing a recovery by the plaintiff in an action of tort for fraud and deceit if the jury believe, from the evidence, "that the plaintiff has made out his case as laid in his declaration or any count thereof," is reversible error, where one count failed to contain an allegation that the defendant knew the representa-

tions alleged to have been made by him were false, which was essential to a right of recovery under the evidence.

3. SAME—*when error in one instruction is not cured by other instructions.* An instruction directing a verdict for plaintiff if he has proved his case as laid in the declaration, or any count thereof, is justified only when the declaration, and each count thereof, contains a complete statement of a cause of action; and error in giving such an instruction is not cured by other instructions.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. P. W. GALLAGHER, Judge, presiding.

RYAN & CONDON, (IRVIN I. LIVINGSTON, of counsel,) for plaintiff in error.

WILLIAM E. MASON, and LEWIS MASON, (WILLIAM P. BLACK, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action commenced in the circuit court of Cook county by Thomas A. Cantwell, the defendant in error, against John P. Harding, the plaintiff in error. The common counts were filed and subsequently two special counts. The general issue was pleaded. The trial resulted in a verdict and judgment in favor of the defendant in error for $5875, which judgment has been affirmed by the Appellate Court for the First District, and the record has been brought to this court by writ of *certiorari* for further review.

The facts, in brief, are, that on the third day of December, 1904, John P. Harding sold to Thomas A. Cantwell one-third of the capital stock of the Titze & Mullen Manufacturing Company, a manufacturing corporation, for $5000, and a few months after the purchase of said stock by Cantwell the corporation became a bankrupt, and this suit was brought by Cantwell against Harding to recover

damages on the ground said sale had been brought about by the fraud of Harding practiced upon Cantwell.

The suit was originally in assumpsit, but the special counts were in tort for fraud and deceit, and the case was tried (as is conceded by both parties) for fraud and deceit. The evidence was conflicting. The court gave to the jury the following instruction:

"If the jury believe, from the evidence in this case, that the plaintiff has made out his case as laid in his declaration, or any count thereof, they must find for the plaintiff."

The first special count averred the sale of the stock for $5000; that the defendant represented that the said corporation was doing a large business; that it was making a profit of $20,000 a year, and that if the plaintiff purchased said stock he could draw a salary of $1800 per year as one of the salaried officers of said corporation, and that said representations were false. It did not aver, however, that the defendant knew the said representations were false,—in other words, that count of the declaration failed to aver the element of *scienter*. There could be no recovery except for fraud and deceit, as the contract was executed and there was no effort to rescind the contract, (*Siltz* v. *Springer*, 236 Ill. 276,) and if the plaintiff sought to recover in tort for fraud and deceit it was necessary to aver and prove *scienter*. (*Schwabacker* v. *Riddle*, 99 Ill. 343; *Foster* v. *Oberreich*, 230 id. 525.) In *Holdom* v. *Ayer*, 110 Ill. 448, which was an action for fraud and deceit in the sale of corporate stock, on page 453 it was stated: "In such cases it is not enough the representations made by the defendant were false,—they must have been known by him to be false. This point has been so often ruled in this court the question is not now open for discussion. In all actions like the one being considered the holding is uniform that to warrant an action for deceit the false representations must have been knowingly made with the intent to deceive. The fraud and, the *scienter* constitute the grounds of the action. (*Wheeler*

v. *Randall,* 48 Ill. 182; *Hiner* v. *Richter,* 51 id. 299; *Merwin* v. *Arbuckle,* 81 id. 501; *Schwabacker* v. *Riddle,* 99 id. 343; *Mitchell* v. *Deeds,* 49 id. 416.) Other cases in this court declare the same doctrine." And in the *Riddle case, supra,* on page 348, it was said: "We are aware of no authority which will sanction a recovery in an action for deceit unless a false representation has been made knowingly with intent to deceive. As said in *Weatherford* v. *Fishback,* 3 Scam. 170, 'the fraud and the *scienter* seem to constitute the grounds of the action. A knowledge of the falsity of the representations must rest with the party making them, and he must use means to deceive.'—*Walker* v. *Hough,* 59 Ill. 375; *Mitchell* v. *Deeds,* 49 id. 416; *Tone* v. *Wilson,* 81 id. 529."

The first special count of the declaration did not contain one element, viz., *scienter* or guilty knowledge, which it was necessary to aver and prove to make out a cause of action. When, therefore, the court instructed the jury that if the "plaintiff has made out his case as laid in his declaration, or any count thereof, they must find for the plaintiff," it informed the jury that there could be a recovery, without proof of *scienter,* upon the first special count of the declaration, which was clearly wrong. The defendant denies that he made any representations to the plaintiff as to the financial condition of the Titze & Mullen Manufacturing Company or that he was familiar with its financial condition, but stated he told the plaintiff to investigate its affairs for himself, and said the plaintiff made such investigations as he saw fit as to its financial condition. To permit a recovery by proof of the facts stated in the first special count of the declaration would be to permit a recovery in a case where no liability was made out by averment or proof. The second special count contained an averment that the defendant not only made false representations as to the financial condition of said corporation, but that he knew such representations were false. The jury may have be-

lieved the representations were made and that they were false, but they may have thought the plaintiff had failed to sustain the allegations in the second special count that the defendant knew such representations were false and that for that reason there could be no recovery under the second special count, but as the first special count contained no averment that the defendant knew the representations made by him were false and the court had informed them there could be a recovery in favor of the plaintiff if any count of the declaration was proven, they may have found upon that count in favor of the plaintiff. This is not a question whether the first special count of the declaration would be good after verdict, but the question here is, did the plaintiff make out a good cause of action under that count of the declaration by proving the averments of that count to be true. This court has held that plaintiff's instruction herein referred to should never be given, if at all, except in case where the declaration, and each count thereof, "contains a complete statement of a cause of action." *Illinois Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243; *Krieger* v. *Aurora, Elgin and Chicago Railroad Co.* 242 id. 544; *Cromer* v. *Borders Coal Co.* 246 id. 451.

It is urged that, conceding it was error to give to the jury plaintiff's first instruction, the error was cured by instructions given to the jury on behalf of defendant. The instruction was peremptory in form and directed the jury to find in favor of the plaintiff if he had proven his case as laid in any one count of his declaration. The instruction could not thus be cured. *Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608; *Illinois Terra Cotta Lumber Co.* v. *Hanley, supra; Krieger* v. *Aurora, Elgin and Chicago Railroad Co. supra; Cromer* v. *Borders Coal Co. supra.*

The judgments of the circuit and Appellate Courts will be reversed and the cause will be remanded to the circuit court for a new trial.    *Reversed and remanded.*