## Charles H. Herman, Defendant in Error, v. The Foster & Reynolds Company, Plaintiff in Error.

### Gen. No. 18,615.

1. MUNICIPAL COURT OF CHICAGO, § 29*—*when judgment may be sustained as a judgment in tort.* A judgment of the Municipal Court may be sustained as a judgment in tort, if the evidence warrants such a judgment, although the statement of claim is in the form of an action on contract.

2. FRAUD, § 18*—*when party not liable for damages resulting from giving false information as to time boat sailed.* A company engaged in selling railroad tickets and furnishing information to travelers, *held* not liable for damages resulting to tourist from false information as to the time a boat sailed from a certain port, where the company by its agent did not make the false assertion of its own knowledge and did not recklessly make a representation as to the time the boat would sail, not knowing or caring whether it was true or false and regardless of the injury which might ensue.

3. FRAUD, § 91*—*proof of false representations.* In an action on the case for deceit for false representations, it is necessary to prove not only that the representation was false, but that the party making it knew that it was false.

4. FRAUD, § 18*—*rule as to false representations.* The rules that when a party falsely asserts a material fact to be true of his own knowledge and thereby induces another to act on the fact represented to his prejudice, or when one makes a representation not knowing whether it is true or false or caring what the fact may be, makes it recklessly, paying no heed to the injury which may result, commits a fraud which will sustain an action for deceit, are not exceptions to but applications of the principle that the false representation must have been knowingly made with intent to deceive to sustain an action for deceit.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Vol. CLXXXV 7

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURN-BAUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of facts. Opinion filed February 2, 1914. Rehearing denied February 16, 1914.

JOHN T. EVANS, for plaintiff in error.

LUTHER D. SWANSTROM, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The defendant corporation had at Havana, Cuba, an office where information to travelers was furnished and tickets sold. Herman, the defendant in error, was at Havana in February, 1910, and desiring to go with his wife to Kingston, Jamaica, by way of Santiago, inquired at the office of defendant when a boat would leave Santiago for Kingston and was told that one would leave Saturday, February 19. Plaintiff bought tickets to Santiago for himself and wife, went there in time to take a boat leaving the 19th and learned on his arrival that the sailing date of the boat to Kingston had been changed before he bought his tickets from February 19 to February 26, and he and his wife then returned to Havana. He brought in the Municipal Court an action of the fourth class against the defendant corporation to recover the amount paid by him for railroad transportation, hotel accommodations, etc., and recovered a judgment for $162.40, to reverse which the defendant prosecutes this writ of error.

The judgment may be sustained as a judgment in tort, if the evidence warrants such a judgment, although the statement of claim is in the form of an action on contract. *Edgerton v. Chicago, R. I. & P. Ry. Co.*, 240 Ill. 311; *Merrick v. Canada Railway News Co.*, 161 Ill. App. 413.

The doctrine that in an action on the case for deceit for false representation it is necessary to prove, in

order to recover, not only that the representation was false, but that the party making it knew that it was false, is well settled in this State. In *Hiner v. Richter,* 51 Ill. 300, and again in *Holdom v. Ayer,* 110 Ill. 448, it was said that the point has been often ruled on in that court and the question is not open to discussion. In *Cantwell v. Harding,* 249 Ill. 354, the rule is again announced and a large number of decisions by the Supreme Court cited.

The facts proved do not bring the case within the rule that where one falsely asserts a material fact to be true of his own knowledge and thereby induces another to act on the fact represented to his prejudice he commits a fraud which will sustain an action for deceit. Miss Shaw, a clerk of the defendant, represented and acted for the defendant in the transactions and the representations made by defendant to plaintiff were made through her as the clerk and agent of the defendant. She did not profess to have personal knowledge of the intended sailings. Plaintiff, when he asked her when there would be a boat from Santiago to Kingston, knew that her answer must necessarily be based on the information in the possession of defendant, for he asked her to look the matter up thoroughly and said he would be back later. She examined the schedule of intended sailings furnished defendant by the boat company and reported to plaintiff on his return that a boat would leave Santiago February 19. The report was in accordance with the information in the possession of the defendant, but in fact a later schedule had been published, of which defendant had not been informed, giving February 26 as the date of the next intended sailing. Clearly the statement so made to plaintiff by Miss Shaw was not an affirmation that the statement was true of her own knowledge, but the circumstances show that it was made from the information in possession of the defendant and that this was known to the plaintiff.

Neither do the facts proved bring the case within

the rule that where a defendant makes a representation not knowing whether it is true or false and not caring what the fact might be, makes it recklessly, paying no heed to the injury which might ensue, such a representation, if untrue, is sufficient to sustain an action for deceit.

In *Kountze v. Kennedy*, 147 N. Y. 124, s. c. 29 L. R. A. 360, it was said: "The making of a representation to influence the conduct of the person to whom it is made, carries with it an assurance, necessarily implied from the situation, of the belief of the party making it in the truth of the affirmation. As was said by Maule, J., in *Evans v. Edmonds*, 13 C. B. 777, 'he takes upon himself to warrant his own belief of the truth of that he asserts, and a man who makes a representation which he neither knows nor cares whether it is true or not, can have no real belief in the truth of what he asserts, and is justly guilty of deception.'" Miss Shaw did not make the representation as to the date of sailing recklessly. She examined the latest schedule furnished the defendant by the boat company and correctly quoted to plaintiff the date of sailing stated in such schedule. The rules that when a party falsely asserts a material fact to be true of his own knowledge and thereby induces another to act on the fact represented to his prejudice, or when one makes a representation not knowing whether it is true or false or caring what the fact may be, makes it recklessly, paying no heed to the injury which may result, commits a fraud which will sustain an action for deceit, are not exceptions to but applications of the principle that the false representation must have been knowingly made with intent to deceive to sustain an action for deceit.

We are of opinion that the evidence in the record fails to prove either that the defendant, by its agent, falsely asserted as of its own knowledge that a boat would leave Santiago for Kingston February 19, or that it made a representation that a boat would leave on that day, recklessly, not knowing or caring whether

it was true or false, and regardless of the injury which might ensue. It follows from what has been said that the plaintiff was not on the evidence entitled to recover from the defendant, and the judgment will be reversed but the cause will not be remanded.

*Judgment reversed with finding of facts.*

Finding of Facts: The court in this case finds as facts that it does not appear from the evidence either that the defendant falsely represented to plaintiff as of its own knowledge that a boat would leave Santiago, Cuba, February 19, 1910, for Kingston, Jamaica, or that it represented to plaintiff that a boat would so leave on that day, recklessly, not knowing or caring whether it was true or false and paying no heed to the injuries which might ensue.