## Anna Weltz, Appellee, v. John R. Connell, Appellant.

### Gen. No. 5,863.

1. EXCHANGE OF PROPERTY, § 8*—*when refusal of requested instruction in action for misrepresentations reversible error.* In an action for fraud and deceit in an exchange of lands and for breach

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

of warranty, where plaintiff claimed that defendant made misrepresentations as to the value of his lands, *held* that the refusal of defendant's requested instruction which told the jury that defendant's misrepresentations must have been known by him to be false when made was reversible error, in view of the conflict in the evidence and of proof of defendant's lack of acquaintance with the land in question.

2. EVIDENCE, § 348*—*when oral warranties merged in deed.* Oral warranties concerning land exchanged, made before the delivery and acceptance of a written warranty deed therefor, are merged in the deed.

Appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

BREARTON & WALTER, for appellant.

F. J. STRANSKY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In August, 1911, Anna Weltz was the owner of two lots, with a dwelling house thereon, in the city of Savanna in Carroll county, while John R. Connell owned one hundred and twenty acres of land in La Crosse county, Wisconsin. After negotiations during the month of August, 1911, between Connell and Henry Weltz, the husband of Anna Weltz, acting as her agent, a deal was made whereby the two properties were exchanged, Connell receiving the note of Mrs. Weltz for a certain sum of money in addition. The Wisconsin land which Anna Weltz received in the trade afterwards turned out to be not so valuable as she and her husband had supposed, and she brought this suit against Connell, filing a declaration of one original count and four additional counts. Four of these counts were for fraud and deceit and the last one was on warranties, by which it was alleged that defendant deceived and defrauded plaintiff. A plea of the general issue was filed and, upon a jury trial, plaintiff

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

recovered a verdict and a judgment for $1,477.89, from which defendant appeals.

The evidence presented at the trial in the court below is conflicting with regard to the statements made by appellant as to the quality of the land in Wisconsin which he then owned and which he offered to appellee in trade, but it seems that appellant had never seen his land until he went upon it in company with the husband of appellee, shortly before the deal was completed, and that he so told said husband. In view of that conflict in the evidence and of the proof of appellant's lack of acquaintance with the land, we consider that the refusal of the court to give instruction No. 17, requested by appellant, constitutes such error as requires that this case be submitted to another jury. It is as follows:

"You are instructed that as a matter of law before the plaintiff can recover a verdict against the defendant in this case, she must prove by a preponderance of the evidence that misrepresentations relative to the lands in question were made by the defendant, that such misrepresentations were false and known by the defendant to be false when made, that she was deceived thereby and that she has been injured because of them."

In actions of fraud and deceit it is not enough that the representations made by the defendant were false, —they must have been known by him to be false. To warrant an action for deceit the false representations must have been knowingly made with the intent to deceive. The fraud and the scienter constitute the grounds of the action. A knowledge of the falsity of the representations must rest with the party making them, and he must use means to deceive. *Cantwell v. Harding*, 249 Ill. 354, and cases there cited. No other instruction stated the law as to scienter. There are cases where one is liable to an action for fraud and deceit though he did not know the falsity of his statements, where he claimed to know and stated that which he knew nothing about but which was in fact false and

did deceive. But no such case was alleged in this declaration. The original count and the first and third additional counts alleged that defendant knew the statements to be false, and the second additional count made no averment on that subject. But appellee contends that said instruction was properly refused because the fourth additional count, upon the breach of warranties, did not require proof that defendant knew the falsity of his statements. That count is somewhat anomalous, for it not only charges warranties and breaches thereof, but also that defendant thereby deceived and defrauded plaintiff. If this is meant as a count for fraud and deceit, then every count was for fraud and deceit, and said instruction should have been given. If this was a count upon warranties, then there could have been no recovery upon that count under the proofs. The supposed warranties set up in that count, if made, were all oral, and afterwards defendant delivered and plaintiff accepted his written warranty deed for the land. All prior conversations were merged in the deed, and it contains no such warranties as said count sets up. Appellee contends that as the statute of frauds was not pleaded, she could recover for the breach of these alleged oral warranties. But that contention does not answer the proposition that prior oral engagements are merged in the latter written contract, and that the writing cannot be modified by prior oral arrangements. This is a suit at law and is governed by the rules of law. This oral proof of statements or warranties could not be kept out by objection as it was competent under the counts for fraud and deceit, but it could not authorize a recovery under the last count. Instruction No. 17 was applicable to all the counts under which there could be a recovery, and should have been given.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*