SECOND DISTRICT—JANUARY, 1915.    317

Keithley v. Mutual Life Ins. Co. of N. Y., 191 Ill. App. 317.

## Arthur Keithley, Appellant, v. Mutual Life Insurance Company of New York, Appellee.

### Gen. No. 6,002.

1. 'FRAUD, § 18*—*when statements not sufficient ground for action.* An action against a life insurance company for fraud and deceit, in that it misrepresented the value which the policy would have at the end of twenty years, cannot be maintained where the alleged false and fraudulent statements did not relate to existing facts, but consisted in predictions or promises of the company as to the value which the policy would have at the end of twenty years.

2. FRAUD, § 78*—*necessity of averring scienter.* In an action of fraud and deceit, it is necessary to aver scienter.

3. LIMITATION OF ACTIONS, § 46*—*what concealment of cause of action prevents running of statute.* The concealment of a cause of action which will prevent the operation of the statute of limitations must be something of an affirmative character which is intended to prevent and does prevent the discovery of the cause of action.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed January 6, 1915.

McROBERTS, MORGAN & ZIMMERMAN, for appellant.

PAGE, HUNTER, PAGE & DALLWIG, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Arthur Keithley brought an action for fraud and deceit against the Mutual Life Insurance Company of New York and filed a declaration containing two counts. There was a general and special demurrer to each count and it was overruled as to the first count and sustained as to the second count. Defendant filed the general issue and a plea of the statute of limitations. There seem to have been two replications to said second plea and a demurrer to one of said two

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

318    APPELLATE COURTS OF ILLINOIS.

Keithley v. Mutual Life Ins. Co. of N. Y., 191 Ill. App. 317.

replications was sustained, but they are not in this record. Thereafter, appellant filed an additional replication to said second plea, and a general and special demurrer thereto was sustained, and appellant elected to stand by said additional replication, and withdrew the former replication, and there was a judgment in bar against appellant, from which he appeals and assigns error in sustaining the demurrer to the second count of the declaration and the demurrer to the additional replication, and in rendering judgment in bar. The sole questions, therefore, are whether the second count stated a cause of action and whether the additional replication was a sufficient reply to the plea of the statute of limitations.

The first count alleged that appellee was an Insurance Company under the laws of the State of New York and that on December 30, 1893, it presented to plaintiff a policy wherein, for $184 to be paid by appellant to appellee yearly for twenty years, appellant agreed to pay appellant's wife $5,000 at appellant's death within said twenty years, and if appellant survived that period, then to pay appellant the distributive share of the surplus, plus the legal reserve; that, to induce appellant to accept said policy, appellee falsely and fraudulently represented to appellant that appellee for many years had been issuing such policies to other persons and that the surplus and reserve had never been less than $5,664.05 on each policy, and that appellee had never paid any such policy holder less than that sum and usually more than that sum, and that if appellant would accept this policy, appellee would certainly pay him, if he was alive at the end of twenty years, not less than $5,664.05, and probably a larger sum, and stated that the law of the State of New York compelled appellant to pay the holder of such policy at the end of twenty years not less than that sum, and that, if the surplus and legal reserve were greater than that sum, appellant would receive

his proportionate share thereof; that appellant, at the time said representations were made to him, had no other information concerning any of said matters, and believing said representations to be true, accepted said policy and paid appellee $184 per year for twenty years, and at the expiration of said twenty years appellee did not pay appellant $5,664.05 or any part thereof, and that thereby an action had accrued to appellant against appellee for said fraud. The second count averred that on December 30, 1893, appellee sold appellant a policy of insurance by which appellee agreed to pay plaintiff in cash at the end of twenty years certain sums determinable upon the amount of surplus of said Company at that time, plus the legal reserve; that appellee did not know and could not know what the surplus or earnings of said Company would be for that period, nor what amount would be due appellant upon said policy at the end of twenty years; but that, to induce appellant to enter into said contract, it falsely and fraudulently represented to him that the surplus of said policy, plus the legal reserve at the end of twenty years, would be $6,000, and that it would pay plaintiff $6,000 at that time, and that appellant had no knowledge of the earnings or surplus to become due, except what appellee told him, and appellant relied upon said representations and accepted said policy and paid therefor; but that said policy did not earn $6,000 and appellee refused to pay plaintiff anything thereon, whereby appellee had defrauded plaintiff. The additional replication to the plea of the statute of limitations charged that appellee fraudulently concealed from plaintiff the fraud which constituted appellant's cause of action herein until within less than five years before the commencement of this suit, and that such fraudulent concealment consisted of the following conduct on the part of appellee. The additional replication then restated the allegations of the first count of the declaration, but not always in

320    APPELLATE COURTS OF ILLINOIS.

Keithley v. Mutual Life Ins. Co. of N. Y., 191 Ill. App. 317.

exactly the same language, and averred that of February 15, 1913, he inquired of appellee what amount would be due him from appellee on said policy when it matured on December 30, 1913, and that the answer of appellee to said question first disclosed to appellant, and appellant then first learned, the fraud perpetrated by the defendant upon the plaintiff in procuring plaintiff to enter into said contract of insurance.

The words "false," "fraudulent" and the like in a pleading are of no avail, in the absence of averments of fact showing that the matter set up was false or was fraudulent. *Fortune v. English*, 226 Ill. 262. The statements alleged in these pleadings to have been false and fraudulent did not relate to any existing fact, but were either predictions or promises as to the state of facts which it was expected would exist twenty years later. In an action for fraud and deceit, the fraud and deceitful representations must be concerning an existing fact or facts. A promise to perform an act, even if the promisor intends not to perform it, is not such a representation as can be made the ground for an action for deceit. *Grubb v. Milan*, 249 Ill. 456.

There is nowhere in the first count any averment that appellee knew that the alleged representations were false, and in an action of fraud and deceit it is necessary to aver scienter. *Cantwell v. Harding*, 249 Ill. 354. Under these principles, which are supported by many cases in Illinois, appellant has not stated a cause of action against appellee for fraud and deceit. Section 22 of the Limitation Act (J. & A. ¶ 7217) provides that if a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the suit may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action. The concealment of a cause of action which will prevent the operation of the statute of limitations must be some-

thing of an affirmative character, intended to prevent and which does prevent the discovery of the cause of action. *Lancaster v. Springer,* 239 Ill. 472. No affirmative acts nor representations are alleged in this case, by which appellee fraudulently concealed the cause of action. In all these respects the first and second counts and the additional replication are fatally defective.

The judgment is therefore affirmed.

*Affirmed.*

MR. JUSTICE NIEHAUS took no part in this decision.