SENECA WIRE AND MANUFACTURING COMPANY, Appellant, *v.* A. B. LEACH & COMPANY, INC., Respondent.

LUCIAN E. KINN, Appellant, *v.* A. B. LEACH & COMPANY, INC., Respondent.

Sale — rescission — false representations — evidence — action to recover price paid — erroneous exclusion of letter containing admissions written on defendant's letter paper by its lawyer and signed with its name — erroneous exclusion of proof that plaintiff had been referred by defendant to its attorney — sufficiency of evidence to make materiality of false representations question for jury — action at law on rescission to recover price paid proper — no distinction between proof required in such action and in one in equity for rescission.

1. In an action to rescind a purchase of securities and recover back the price paid, on the ground that it was made in reliance upon false representations of the defendant that application would be made for listing the securities on the New York Stock Exchange and of its agent that application had in fact already been made and that the securities "would be listed," it was error to exclude a letter written by defendant's lawyer on its letter paper and signed with its name stating that "there never was any idea whatever of listing them," where it was admitted that the writer was the attorney for the defendant at all the times referred to and his authority to write and sign the letter was conceded. Offered proof that plaintiff had been referred to the New York office of defendant and to the attorney was also improperly excluded.

2. Evidence that plaintiff's president told defendant's agent that they only desired to purchase listed securities or those which were

to be listed; that there is value in the statement that application is to be made for listing, as it is a factor in purchasing; that securities and corporations are investigated with care when application is made to list them and that plaintiff accepted the statement that the application to list meant listing and took it for granted the corporation knew what the requirements were and that it would not make application to list securities that were not of a quality to pass requirements, is sufficient to make the materiality of the false representations a question for the jury.

3. An action at law on the resci sion to recover the price paid was proper. No equitable relief was required and an action in equity for rescission would be inappropriate. No distinction exists between the nature of the proof required in the action at law or the action in equity and an examination of the evidence shows that when plaintiff had finished its case a cause of action had been made out entitling it to relief. It was, therefore, improper to dismiss the complaint.

*Seneca Wire & Mfg. Co.* v. *Leach & Co.*, 219 App. Div. 702, reversed.

*Kinn* v. *Leach & Co.*, 219 App. Div. 702, reversed.

(Argued November 28, 1927; decided January 10, 1928.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 24, 1927, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Robert McC. Marsh* and *Robert P. Patterson* for appellant. It was error to dismiss the complaint, because a complete cause of action was established, based on the misrepresentation that an application to list the notes had already been made. (*Haessig* v. *Gregory*, 197 App. Div. 111; *Vail* v. *Reynolds*, 118 N. Y. 297; *Weigel* v. *Cook*, 237 N. Y. 136; *Heckscher* v. *Edenborn*, 203 N. Y. 210; *Schank* v. *Schuchman*, 212 N. Y. 352; *Carr* v. *National Bank & Loan Co.*, 167 N. Y. 375; *Talmadge* v. *Sanitary Security Co.*, 31 App. Div. 498; *Bloomquist* v. *Farson*, 222 N. Y. 375; *Moore* v. *Abbey*, 213 App. Div. 787; *Lauer* v. *Raymond*, 190 App. Div. 319; *Delano* v. *Rice*, 23 App. Div. 327; *Smith* v. *Countryman*, 30 N. Y. 655.) It was error to dismiss the complaint, because a complete cause of

action was established, based on the breach of the agreement to make application for listing, which was an essential condition in the transaction. (*Lauer* v. *Raymond*, 190 App. Div. 319; *Callanan* v. *Keeseville, etc., R. Co.*, 199 N. Y. 268; Black on Rescission of Contracts, § 213; *Westview Savings Bank* v. *Zook*, 16 Ky. L. R. 158; *American Union Life Ins. Co.* v. *Wood*, 57 S. W. Rep. 685; *Seymour* v. *Detroit Copper & Brass Mills*, 56 Mich. 117; *Meinershagen* v. *Taylor*, 169 Mo. App. 12; *Continental Ins. Co.* v. *Equitable Trust Co.*, 127 Misc. Rep. 45; 219 App. Div. 711.) It was error to exclude the letter received by plaintiff from defendant, which was offered to prove there was never any intention to have the securities listed. (*Adams* v. *Gillig*, 199 N. Y. 314; *Ritzwoller* v. *Lurie*, 225 N. Y. 464; *Deyo* v. *Hudson*, 225 N. Y. 602; *Fox* v. *Duffy*, 95 App. Div. 202; *Moore* v. *Abbey*, 213 App. Div. 787; *Watkins* v. *Watkins*, 197 App. Div. 489; *Todd Protectograph Co.* v. *Wells Fargo & Co.*, 111 Misc. Rep. 282; *Bush* v. *Miller*, 13 Barb. 481; *Scholes Co.* v. *Oppenheim*, 136 N. Y. Supp. 37.) It was error to exclude the other letters offered by the plaintiff which passed between the parties and their attorneys. (*Gould* v. *Cayuga County National Bank*, 86 N. Y. 75; *Sarantides* v. *Williams, Belmont & Co.*, 180 N. Y. Supp. 741; *Knickerbocker Trust Co.* v. *O'Rourke Engineering Co.*, 124 App. Div. 210; *Anderson* v. *Smitley*, 141 App. Div. 421.)

*Charles E. Gately, Harold H. Corbin* and *Elmer W. Maher* for respondent. Plaintiff failed to prove any cause of action and the court properly dismissed the complaint at the close of plaintiff's case. (*Vail* v. *Reynolds*, 118 N. Y. 297; *Rothschild* v. *Mack*, 115 N. Y. 1; *Reno* v. *Bull*, 226 N. Y. 546; *Lambert* v. *Elmendorf*, 124 App. Div. 758; *Southern Dev. Co.* v. *Silver*, 125 U. S. 247; *Machine Co.* v. *McKay*, 161 N. C. 587; *Downey* v. *Finucane*, 205 N. Y. 251; *Morris* v. *Talcott*, 96 N. Y. 100; *Constant* v. *Rochester*, 133 N. Y. 640; *Meyer* v. *Amidon*, 45 N. Y. 169; *Kountze* v. *Kennedy*, 147 N. Y. 129; *Schwenk* v.

*Naylor,* 102 N. Y. 686.)   The plaintiff failed to make out a cause of action on a breach of an agreement to make application for listing. (Black on Rescission of Contracts, § 213.)   The letters were properly excluded. (*Adams* v. *Clark,* 239 N. Y. 403; *Hubbell* v. *Meigs,* 50 N. Y. 480; *Lytle* v. *Crawford,* 69 App. Div. 273.)

CRANE, J.   At the end of the plaintiff's case the complaint was dismissed. The judgment of dismissal has been affirmed by the Appellate Division, two of the justices dissenting.   We are of the opinion that the facts proved made out a cause of action, and that the rulings below must be reversed.

A. B. Leach & Company, Inc., is a New York corporation engaged in the business of selling and marketing corporate securities.   Mr. V. M. Bates was its duly authorized salesman and representative.   The plaintiff is an Ohio corporation, of which Lucian E. Kinn is president and general manager.   The corporation, and the president individually, bought securities of the defendant through Bates, but in this opinion I shall speak of but one plaintiff, as the evidence is the same for both. Kinn told Bates, when approached about buying securities, that the company was considering the purchase only of listed securities, because the funds available were surplus funds from inventory and might be needed on quick notice to put back in the business, and also as an additional safety.   Bates recommended eight per cent notes of the Island Oil and Transport Corporation, calling attention to the fact that application would be made to list the securities.   This occurred in September, 1921.   On the 23d of that month the defendant, through its Cleveland office, wrote the plaintiff full particulars about these eight per cent participating secured gold notes, and stated: " The common stock of the company is listed on the New York Stock Exchange, and application will be made to list these securities."   In closing, the letter

stated: "Mr. Bates will be glad to call on you and go into further detail on either of these issues if you desire it." A circular accompanying the letter also contained the statement: "Application will be made to list these notes on the New York Stock Exchange." When Mr. Bates again called shortly after the receipt of this letter and circular, he stated to Mr. Kinn that application "had already been made and that the notes would be listed."

Kinn testified that relying upon these representations he and his company bought the notes and paid their purchase price to the defendant.

A few months later the company went into the hands of a receiver, and the plaintiff then learned that no application had been made to list the securities, and what is more he was informed that the defendant never intended to make such application; that the statements made by Bates were false and untrue. The plaintiff had been deceived in making the purchase. It is not claimed that Bates made willful and fraudulent misrepresentations, but it was insisted in the immediate correspondence between the parties that Bates' statements were false in fact and that he had knowingly stated that about which he had no positive knowledge.

The plaintiff immediately upon ascertaining the facts rescinded the sale, offered to return the securities, and demanded back the purchase price. It wrote the defendant to its Cleveland office fully about the transaction, and finally Mr. Kinn called at the Cleveland office and saw Mr. Swetch, the manager. The plaintiff attempted to prove that Mr. Kinn was referred to Mr. Earle of the firm of Earle & Hoar at the New York office of the company. It was admitted on the trial that Mr. Earle was the attorney for the defendant at all the times referred to. The plaintiff offered many letters rescinding the transaction and offering back his securities. Finally on July 25, 1922, a letter was received from the defendant

containing certain admissions which the plaintiff offered in evidence, and which was excluded. This letter was written on the letter paper of A. B. Leach & Co., Inc. It was excluded, apparently because written by Earle, the lawyer. The letter was not from the lawyer as such, or from the attorney for Leach & Co.; it was from the defendant and was *prima facie* evidence of admissions stated therein. All corporations act by agents, and when a transaction is carried through in the name of the corporation by its agents, the corporation is bound thereby providing the agents have authority to act. Statements made by agents in the course of authorized transactions may also be binding upon the corporation. The authority of Earle to write and sign the letter was conceded. The plaintiff offered to prove that Kinn had been referred to the New York office of the defendant, and to Earle; this also was improperly excluded. A corporation can only act by its agents. Earle, in signing the name of the defendant, was apparently acting as the defendant's agent, not as an attorney at law. The letter annexed to the record as having been marked for identification contains a statement made by A. B. Leach & Co., Inc., reading as follows: " We note all that you say in relation to the statement that the Island notes were to be listed, but there never was any idea whatever of listing them." We think this letter should have been received in evidence, and that under the circumstances it was error to exclude it. If it should appear upon the trial that Earle had no authority to make these statements, of course the defendant would not be bound by them.

We, therefore, have a case where the plaintiff bought securities, relying upon false representations and immediately rescinded the transaction. Two questions remain. Were the representations material? In the first place, the parties themselves made the representations material because Kinn told Bates that they only desired to purchase listed securities or those which were to be listed.

And in the next place, Michael J. Murphy, vice-president of the Federation Bank of New York, testified that it would be a favorable factor from the standpoint of a purchaser to know that securities were listed or would be listed on the New York Stock Exchange; that there is value in the statement that application is to be made for listing, as it is a factor in purchasing. William D. Williams, assistant secretary of the New York Stock Exchange, described the care with which securities and corporations were investigated when application was made to list them. And Kinn swore: " I banked on that the company would not make application to list unless they were of a quality that would pass the requirements, and I took it for granted that they knew what the requirements were. I accepted the statement that an application to list meant listing." There was, therefore, sufficient evidence regarding these representations to make their materiality a question for the jury.

Another question arises regarding the remedy. The plaintiff brought this action at law on the rescission to get its money back. It has not proved or attempted to prove that the misrepresentations were willfully false or fraudulently made. It seeks relief on the same ground that rescission might be maintained in equity by proving that the representations were false in fact, and misled the plaintiff into making the purchase. (*Bloomquist* v. *Farson,* 222 N. Y. 375; *Hammond* v. *Pennock,* 61 N. Y. 145.) As no equitable relief was required, it was inappropriate, if not impossible, for the plaintiff to maintain an action for rescission in equity. All it wanted was the return of its money. Action at law was, therefore, proper. The proof required was no different from that which would be required in equity. No reason exists for a distinction. (*Schank* v. *Schuchman,* 212 N. Y. 352.) It is not necessary in order that a contract may be rescinded for fraud or misrepresentation that the party making the misrepresentation should have known that

it was false. Innocent misrepresentation is sufficient, and this rule applies to actions at law based upon rescission as well as to actions for rescission in equity. (*Continental Insurance Co.* v. *Equitable Trust Co.*, 127 Misc. Rep. 45; 2 Williston on Sales [2d ed.], sec. 632; 2 Parsons on Contracts [9th ed.], p. 775; *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.*, 206 Mass. 144; *McKinnon* v. *Vollmar*, 75 Wis. 82; *American Educational Co.* v. *Taggert*, 124 Ill. App. 567; *Helvetia Copper Co.* v. *Hart-Parr Co.*, 137 Minn. 321.)

That a purchaser who has relied upon a material misrepresentation may rescind the transaction, if he acts without delay, is established by such authorities as *Weigel* v. *Cook* (237 N. Y. 136); *Schank* v. *Schuchman* (212 N. Y. 352); *Vail* v. *Reynolds* (118 N. Y. 297); *Smith* v. *Countryman* (30 N. Y. 655).

A distinction in the nature of the proof, therefore, does not exist between the action at law and the action in equity, but does exist between the action in rescission and the action for damages based upon fraud and deceit. Here there must be proof of willful and fraudulent misrepresentation, knowingly made, resulting in damage. (*Reno* v. *Bull*, 226 N. Y. 546.)

The complaint sets forth these representations in different causes of action. Why this was done I do not know. All the representations made by Bates led up to the sale and apparently were relied upon by the plaintiff. There is and was no necessity for dividing these various statements into separate causes of action. For instance, the statement that application would be made to list the securities led to the later statement that application had been made. The representation embodied in the latter statement would not exclude evidence of the former. All the conversations leading up to the purchase would be competent evidence bearing upon the nature of the representations. We think that when the plaintiff had finished its case, a cause of action had

been made out, entitling it to relief, and that it was improper to dismiss the complaint.   A reversal, however, would still be necessary because of the improper·exclusion of the proof above referred to.

One word of caution.   We do not say that the plaintiff proved its case, entitling it to payment; we do say that a *prima facie* case had been made out requiring a determination of the issues and of the facts.

The judgments below should, therefore, be reversed and new trials granted in both actions, costs to abide the event.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.