MARIE LAROCCA, as Administratrix, etc., of ACCURSIO LAROCCA, Deceased, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MICHAEL LICHTENSTEIN, Respondent, v. J. OHL, INC., and JOSEPH OHL, Appellants.— Order denying defendants' motion for a bill of particulars reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Plaintiff sets forth and prays for special damages the particulars of which defendants are entitled to have. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

BERTHA P. LIPPMAN, Appellant, v. LOUIS PIZITZ DRY GOODS COMPANY, a Foreign Corporation, Respondent.— Order denying plaintiff's motion to vacate or modify notice of examination before trial affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice at place and hour stated in order. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

JACOB LOIBL, Appellant, v. NEW YORK SYLVAN ELECTRIC BATHS, INC., and HENRY WEILL, Respondents.— Judgment and order reversed upon the law and a new trial granted, costs to appellant to abide the event. The complaint states a cause of action either for damages for fraud, or for a rescission and a recovery of the sum paid on the ground of fraud. The complaint should not have been dismissed either upon the basis that it was an action for damages, or for rescission and damages, because there was proof of intentional deceit in that it was represented to plaintiff that one Bueckle had subscribed $100,000 to the new corporation, when, as a matter of fact, he had not subscribed anything. There was basis for an action for rescission at law in that it had been misrepresented to plaintiff that the proposed corporation had bought the assets of the Brooklyn concern, when, as a matter of fact, the proposed corporation had only a contract for the purchase. It may be fairly inferred that this misrepresentation was not intentional. That would not defeat an action at law based upon rescission. (Seneca Wire & Mfg. Co. v. Leach & Co., 247 N. Y. 1.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

CHARLES L. MECKENBERG, as Trustee in Bankruptcy of the Estate of SAM SCHEINBLUM BUILDING CORPORATION, Appellant, v. FANNIE SCHEINBLUM and SAMUEL SCHEINBLUM, Respondents, and Others, Defendants.— Order reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs; examination to proceed on five days' notice at the time and place stated in the notices of examination. Plaintiff is entitled to examine defendants before trial as to matters which he must prove on the trial to sustain the allegations of his complaint. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.